J-A06020-20

2020 PA Super 160

MICHAEL F. SZWERC, M.D.,   : IN THE SUPERIOR COURT OF
            :     PENNSYLVANIA
    Appellant    :
            :
   v.       :
            :
LEHIGH VALLEY HEALTH NETWORK, :
INC. D/B/A LEHIGH VALLEY   :
NETWORK; LEHIGH VALLEY   :
HOSPITAL, INC., D/B/A LEHIGH  :
VALLEY HEALTH NETWORK AND  :
LEHIGH VALLEY HEART AND LUNG :
SURGEONS; LEHIGH VALLEY   :
PHYSICIAN GROUP, AFFILIATED  :
WITH THE LEHIGH VALLEY HEALTH :
NETWORK D/B/A LEHIGH VALLEY  :
PHYSICIAN GROUP AND LEHIGH  :
VALLEY HEART AND LUNG    :
SURGEONS; SPECIALTY PHYSICIANS :
OF LVHN, P.C. D/B/A LEHIGH VALLEY :
HEART AND LUNG SURGEONS;  :
MICHAEL D. PASQUALE, M.D.;  :
MICHAEL A. ROSSI, M.D.; AND  :
THOMAS V. WHALEN, M.D.,   :
            :
    Appellees   : No. 2500 EDA 2019

Appeal from the Order Entered August 5, 2019
In the Court of Common Pleas of Lehigh County
Civil Division at No(s):  No. 2014-C-3230

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.*

OPINION BY KING, J.:       **FILED JULY 08, 2020**

  Appellant, Michael F. Szwerc, M.D., appeals from the order entered in

the Lehigh County Court of Common Pleas, which denied Appellant's post-

appeal motion for attorneys' fees and costs in this breach of employment

_____

* Former Justice specially assigned to the Superior Court.

contract action against Appellees, Lehigh Valley Health Network, Inc. d/b/a

Lehigh Valley Network; Lehigh Valley Hospital, Inc., d/b/a Lehigh Valley Health

Network and Lehigh Valley Heart and Lung Surgeons; Lehigh Valley Physician

Group, affiliated with the Lehigh Valley Health Network d/b/a Lehigh Valley

Physician Group and Lehigh Valley Heart and Lung Surgeons; Specialty

Physicians of LVHN, P.C. d/b/a Lehigh Valley Heart and Lung Surgeons;

Michael D. Pasquale, M.D.; Michael A. Rossi, M.D.; and Thomas V. Whalen,

M.D.  We affirm.

In its opinion, the trial court accurately sets forth the relevant facts and

procedural history of this case as follows:

> Appellant was employed by Appellees from June 9, 2009, until September 12, 2014, at which point his employment was terminated.  Appellant filed this lawsuit on October 7, 2014.  After the case proceeded through discovery, Appellant filed a Motion for Partial Summary Judgment on October 13, 2015.  This [c]ourt reviewed that motion and entered an Order with an accompanying Memorandum Opinion which granted summary judgment in favor of Appellant and determined that as a matter of law, Appellees breached Appellant's employment contract.
>
> The wage loss damages at issue in this case totaled $70,590.47.  However, because this matter was brought under Pennsylvania's Wage Payment and Collection Law[, 43 P.S. §§ 260.1-260.12] ("WPCL"), which specifically permits the recovery of "reasonable attorneys' fees of any nature to be paid by the defendant," 43 P.S. § 260.9a(f), the [c]ourt also had to assess a reasonable amount of attorneys' fees.  Despite the amount in controversy being fairly limited, Appellant's counsel billed for 1,450 hours of legal work, resulting in a total sum of $396,058.50.
>
> The [c]ourt conducted a non-jury trial over the course of several non-consecutive days.  On January 20, 2017, the

[c]ourt entered an Order awarding $70,590.47 to Appellant, as well as $305,053.07 in attorneys' fees. In reaching this sum, the [c]ourt reviewed hundreds of pages of billing statements and deducted charges that were duplicative, excessive, unnecessary, or otherwise unrelated to litigating the case under the WPCL. Of relevant note, the [c]ourt mistakenly directed [Appellee] Lehigh Valley Hospital, Inc. to pay the damages.

Both parties filed Post-Trial Motions on January 30, 2017. On February 17, 2017, the [c]ourt entered an Order with a Memorandum Opinion. The February 17, 2017 Order denied Appellees' Motion for Post-Trial Relief and for a New Trial. The Order granted in part Appellant's Post Trial Motion and amended the amount of legal fees awarded in the January 20, 2017 Order to $389,584.50.

On March 20, 2017, Appellees filed a Notice of Appeal. Appellant filed a Notice of Appeal on March 30, 2017. Both sides timely flied Concise Statements of Matters Complained of on Appeal.

On May 16, 2017, the [c]ourt conducted a settlement conference at the request of defense counsel to discuss a proposed withdrawal of the parties' appeals. … During this conference, counsel for Appellees also put on the record that "one of the reasons for appeal [is] that it's not [Appellee Lehigh Valley Hospital] who is the employer, but it's [Appellee Lehigh Valley Physician Group]." The parties were unable to reach an agreement, and the matter proceeded on appeal to the Pennsylvania Superior Court.

On May 26, 2017, the [c]ourt entered its Pa.R.A.P. 1925(a) Opinion. In that Opinion, …the [c]ourt explained that because it found that the individually-named Appellees acted in good faith in their capacity as corporate officers, the judgment should not have been entered against them. The Opinion went on to state, "For those reasons, the [c]ourt's Order of January 20, 2017 should be remanded in order to properly identify Lehigh Valley Physician Group as the [Appellee] against which the judgment on the breach of contract has been entered."

On June 13, 2018, the Pennsylvania Superior Court affirmed

this [c]ourt's judgment in all respects, including affirming the decision granting summary judgment and affirming the orders awarding a reduced amount of attorneys' fees. ***Szwerc v. Lehigh Valley Hospital et al.***, [193 A.3d 1073 (Pa.Super. 2018)] (unpublished memorandum). The Superior Court specifically addressed the request for a remand as follows:

> The trial court requests remand for its January 20, 2017 order to be amended to "properly identify Lehigh Valley Physician Group as the [Appellee] against which judgment on the breach of contract has been entered." We deem that order so amended by virtue of this memorandum.

*Id.* at 3 (citation omitted).

On September 20, 2018, the parties filed a Joint Petition to Substitute Judgment consistent with the Superior Court's Order. The [trial c]ourt granted that petition on September 21, 2018.

On April 4, 2019, Appellant filed the instant Motion for Attorney's Fees and Costs Incurred in Appeal and Collection of Judgment. Appellant is seeking an additional award of $156,356.84 in attorneys' fees and costs stemming from pursuing the appeal and collecting on the judgment based on Appellant's assertion that [Appellees] "would not voluntarily satisfy the Judgment following its loss at the Superior Court level."

After corresponding with [c]ourt staff, counsel agreed to stipulate to the authenticity—but not legal merit—of invoices submitted by Appellant's counsel for the [c]ourt's consideration. [On June 10, 2019, Appellant filed a supplement to his April 4, 2019 motion, requesting additional attorneys' fees and costs incurred in litigating the April 4, 2019 motion for fees]. The [c]ourt heard legal argument on June 12, 2019, and took the matter under advisement.

On August 5, 2019, the [c]ourt entered an Order and a Memorandum Opinion denying Appellant's motion.

Appellant [timely] filed the instant appeal on August 26, 2019. Appellant timely filed a [court-ordered] Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on September 16, 2019.

(Trial Court Opinion, filed September 23, 2019, at 3-6) (internal citations to record omitted).

Appellant raises one issue for our review:

Did the Trial Court err in denying []Appellant, Michael F. Szwerc, M.D.'s, Motion for Attorney's Fees and Costs Incurred in Appeal and Collection of Judgment on the basis that such Motion was untimely and/or that the Trial Court lacked jurisdiction to consider same?

(Appellant's Brief at 5).

Appellant argues the WPCL does not impose a time limitation on an employee judgment winner's request for attorneys' fees and costs. Appellant avers the trial court incorrectly reasoned his current motion for attorneys' fees was untimely, and deprived the court of jurisdiction to consider the motion, under 42 Pa.C.S.A. § 5505. Appellant submits he could not have filed his request for counsel fees and costs within 30 days of September 21, 2018 (the date of the substituted judgment), because in that timeframe, Appellant could not have known whether Appellees would file a petition for reargument in this Court, file a petition for allowance of appeal in our Supreme Court, and/or fail to satisfy the judgment.

Appellant also claims the cases on which the trial court relied are factually distinguishable from the instant case because they did not involve the fee-shifting provision of the WPCL. Rather, Appellant relies on **Township**

*of Millcreek v. Angela Cres Trust of June 25, 1998*, 142 A.3d 948 (Pa.Cmwlth. 2016), *appeal denied*, 641 Pa. 227, 166 A.3d 1236 (2017). In that case, Appellant maintains the Commonwealth Court held that the Section 5505 time-bar did not apply to render untimely a motion for attorneys' fees filed in conjunction with a fee-shifting provision of the Pennsylvania Eminent Domain Code. Further, Appellant contends the trial court's reliance on Section 5505 is misplaced because Appellant did not seek attorneys' fees *via* a request to modify any order. Appellant concludes his fee petition was filed in a timely manner, and this Court should reverse and remand for the trial court to consider Appellant's request for attorneys' fees, costs, and expenses, including those incurred litigating the current appeal. We disagree.

Initially, we observe that "[t]rial courts have great latitude and discretion in awarding attorney fees when authorized by contract or statute. Generally, [t]he denial of a request for attorneys' fees is a matter within the sound discretion of the trial court, which will be reversed on appeal only for a clear abuse of that discretion." *Generation Mortg. Co. v. Nguyen*, 138 A.3d 646, 649 (Pa.Super. 2016) (internal citations omitted). Whether a trial court had jurisdiction to act on a fee petition, however, is a question of law as to which our standard of review is *de novo* and our scope of review is plenary. *Mazur v. Trinity Area School District*, 599 Pa. 232, 961 A.2d 96 (2008).

Section 2503 of the Judicial Code expressly authorizes a litigant's entitlement "to a reasonable counsel fee as part of the taxable costs of the

matter" to a participant "in such circumstances as may be specified by statute heretofore or hereafter enacted." 42 Pa.C.S.A. § 2503(10). Taxable costs, such as counsel fees per Section 2503, "are generally payable incident to a final judgment, *i.e.*, after termination of the action by…final disposition." ***Miller Elec. Co. v. DeWeese***, 589 Pa. 167, 175, 907 A.2d 1051, 1056 (2006).

The WPCL includes a fee-shifting provision regarding awards of counsel fees and costs, as follows:

> **§ 260.9a.  Civil remedies and penalties**
>
> \*    \*    \*
>
> (f)    The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant.
>
> \*    \*    \*

43 P.S. § 260.9a(f).  A successful WPCL claimant is also entitled to attorneys' fees incurred on appeal. ***Ambrose v. Citizens Nat. Bank of Evans City***, 5 A.3d 413, 424–25 (Pa.Super. 2010), *appeal denied*, 610 Pa. 582, 19 A.3d 1049 (2011).

Section 5505 of the Judicial Code sets forth the jurisdictional window of time in which trial courts retain jurisdiction after entry of a final order:

> **§ 5505.  Modification of orders**
>
> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior

termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. Pursuant to Section 5505, "[a] trial court's jurisdiction generally extends for thirty days after the entry of a final order…. After the 30-day time period, the trial court is divested of jurisdiction." **_Freidenbloom v. Weyant_**, 814 A.2d 1253, 1255 (Pa.Super. 2003), _overruled in part on other grounds by_ **Miller Elec. Co., supra**. Where the litigant files a motion for counsel fees under Section 2503 after entry of a final order, Section 5505 requires the litigant to do so within 30 days of the entry of a final order; the trial court lacks jurisdiction to consider a fee motion filed beyond the 30-day period. **_See Freidenbloom, supra_** (vacating as nullity trial court order granting Section 2503 motion for counsel fees filed 36 days after final order).

Relatedly, Rule of Appellate Procedure 1701 enumerates the actions a trial court has authority to perform once a litigant initiates an appeal:

**Rule 1701. Effect of Appeal Generally**

**(a) General rule**. Except as otherwise prescribed by these rules, after an appeal is taken…, the trial court…may no longer proceed further in the matter.

**(b) Authority of a trial court or agency after appeal**. After an appeal is taken…, the trial court…may:

(1) Take such action as may be necessary to preserve the _status quo_, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal _in forma pauperis_, grant _supersedeas_, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

Pa.R.A.P. 1701(a), (b)(1).  A petition for counsel fees under Section 2503 "is

not a separate suit for fees, but rather, a matter that is connected but ancillary

to the underlying action."  **Miller Elec. Co., supra** at 176, 907 A.2d at 1057.

"Therefore, if the petition for counsel fees is **timely filed**, the trial court is

empowered to act on it [under Rule 1701(b)(1)] after an appeal was taken."

**Samuel-Bassett v. Kia Motors America, Inc.**, 613 Pa. 371, 450, 34 A.3d

1, 48 (2011), *cert. denied*, 567 U.S. 935, 133 S.Ct. 51, 183 L.Ed.2d 677

(2012) (emphasis added).

In **Ness v. York Tp. Bd. Of Com'rs**, 123 A.3d 1166 (Pa.Cmwlth. 2015),

the Commonwealth Court considered the interplay of Section 5505 and a fee

petition under Section 2503.  The Commonwealth Court explained:[1]

> The filing of an appeal…does not divest the trial court of
> jurisdiction over…a motion for counsel fees.  Because the
> trial court retained jurisdiction over the separate issue of
> counsel fees, [the] filing of [an appeal] did not prevent [the]
> timely filing [of a] request for counsel fees on or before
> [expiration of 30 days from entry of the final order].
>
> *       *       *
>
> …**Miller Electric Co.** does not hold that an appeal extends
> the 30–day period after the trial court's final order in which
> a party must file a motion for counsel fees.  In **Miller
> Electric Co.**, the motion for counsel fees was filed **before**
> the final judgment, and the issue was whether the final
> judgment on other issues prevented a later ruling on the

---

[1] Although this Court is not bound by decisions of the Commonwealth Court,
"such decisions provide persuasive authority, and we may turn to our
colleagues on the Commonwealth Court for guidance when appropriate."
**Petow v. Warehime**, 996 A.2d 1083, 1089 n.1 (Pa.Super. 2010), *appeal
denied*, 608 Pa. 648, 12 A.3d 371 (2010).

counsel fee motion and a timely appeal from the denial of counsel fees, …not whether a counsel fee motion can be filed in a trial court where nothing in the case is pending, long after final judgment, simply because it is within 30 days after completion of an appeal. …

\*    \*    \*

Any implication in **Miller Electric Co.** that a motion for counsel fees is not ripe and cannot be filed and granted before the completion of appeals is also negated by our Supreme Court's later decisions. In **Old Forge School District**,[ 592 Pa. 307, 924 A.2d 1205 (2007),] the Supreme Court held that this [c]ourt as trial court properly addressed a motion for counsel fees under 42 Pa.C.S.[A.] § 2503(9), even though an appeal from the underlying final order was pending that could have changed the movant's status as a prevailing party. [**Old Forge School Dist., supra** at 316-17,] 924 A.2d at 1211. **See also Samuel– Bassett**[**, supra** at 450-52,] 34 A.3d at 48–49 (trial court had authority to award…counsel fees to plaintiffs as prevailing parties on statutory claim that provided for counsel fees while appeal of the merits was pending).

Moreover, … [d]elay in filing a motion for counsel fees while an underlying appeal is pending denies the trial court the opportunity to consider the fee request at a time when the court is familiar with the case and issues. … [A determination otherwise] would permit the filing of a motion for counsel fees years after the events and conduct for which fees are sought.

**Ness, supra** at 1170-71 (holding trial court lacked jurisdiction to act on Township's petition for sanctions seeking counsel fees under Section 2503, where Township did not file petition within 30 days of trial court's final order).

Instantly, the trial court addressed the timeliness of Appellant's April 4, 2019 motion for attorneys' fees in part as follows:

In this case, the fees at issue stemmed from pursuit of an appeal and Appellant's alleged efforts to collect the

- 10 -

judgment awarded by the [trial c]ourt. Appellant's motion was filed nine months after the Superior Court's [disposition] and six months after the matter was effectively resolved [by entry of the substituted judgment]. … [A]uthorization for a[n] appellant to recover attorneys' fees incurred in an appeal pursued by the appellant must be balanced against the need to bring finality to litigation under Section 5505 of the Judicial Code. …

On September 21, 2018, the Court entered an agreed-upon Order directing the Clerk of Judicial Records to substitute the judgment entered "against [Appellee] Lehigh Valley Hospital to instead be entered against [Appellee] Lehigh Valley Physicians Group, Affiliated with the Lehigh Valley Health Network, d/b/a Lehigh Valley Physician Group…and no longer against [Appellee] Lehigh Valley Hospital, Inc., pursuant to and in accordance with the June 13, 2018 Memorandum Opinion of the Superior Court…."

The September 21, 2018 Order went on to direct [Appellee] Lehigh Valley Physician Group to "issue payment to Appellant in the full amount of $515,527.83 less any applicable tax withholdings on the wages awarded, which the parties, as evidenced by their signatures below, hereby expressly acknowledge and agree represents the total Wages, Pre-Judgment and Post-Judgment interest on the March 22, 2017 Judgment owed to Appellant." While the language of the Order did not expressly refer to counsel fees, the amount of the award clearly included the amount of attorneys' fees awarded by the [c]ourt in this case.

In his [current] motion for counsel fees, Appellant argued that he should be awarded "the attorneys' fees and costs he incurred in protecting his award of unpaid wages at the appellate level, in attempting to collect on the Judgment which was upheld by the Superior Court, and in subsequently presenting and establishing his request for fees incurred in connection with same." While the [c]ourt was cognizant of the fact that Section 260.9a of the WPCL does not expressly establish a time period within which attorneys' fees must be sought, Section 5505 of the Judiciary Code imposes a thirty-day limitation, which also divests the court of jurisdiction to act after the expiration of that period except to correct patent or obvious errors.

In this case, the Superior Court entered its decision on June 13, 2018. As noted above, the Superior Court did not remand the case as this [c]ourt requested…. Rather, the Superior Court exercised its authority to simply amend this [c]ourt's Order without the need to go through a remand in order for this [c]ourt to make the correction. **Szwerc**[**,** **supra** 193 A.3d 1073, *1] ([stating:] "The trial court requests remand for its January 20, 2017 order to be amended to 'properly identify Lehigh Valley Physician Group as the [Appellee] against which judgment on the breach of contract has been entered.' We deem that order so amended by virtue of this memorandum"). Therefore, as of June 13, 2018, the judgment was corrected to be entered against [Appellee] Lehigh Valley Physician Group.

When the parties stipulated to the entry of an order in September of 2018 which included attorneys' fees, and there was not any further appeal or relief sought within thirty days, the [trial c]ourt was divested of jurisdiction to act further in this matter. … If Appellant wished to pursue a claim for attorneys' fees stemming from the litigation or any dispute resolving collection of the judgment pursuant to the WPCL, he could have raised that claim within that time period. Instead, he waited over six months to file the instant motion. The [c]ourt no longer had jurisdiction to entertain Appellant's request.

(Trial Court Opinion at 9-12) (internal citations, emphasis, and footnotes omitted). We agree with the trial court's conclusion.

Regardless of whether June 13, 2018, or September 21, 2018, constitutes the date of entry of the "final order" on the merits in the underlying WPCL action, Appellant failed to file a motion for attorneys' fees within 30 days of either date. Instead, Appellant filed the current request for fees on April 4, 2019, ten months after this Court's June 13, 2018 disposition and nearly six months after the trial court's September 21, 2018 substituted judgment.

- 12 -

Although Appellant claims that Section 5505 of the Judicial Code does not apply in this case, Pennsylvania law has repeatedly applied the 30-day time restriction under Section 5505 to requests for attorneys' fees under Section 2503. *See Samuel-Bassett, supra*; *Old Forge School Dist., supra*; *Miller Elec. Co., supra*.

Both Judicial Code Section 5505 and Rule of Appellate Procedure 1701 deprived the trial court of jurisdiction to consider Appellant's fee motion, arguably, 30 days after June 13, 2018, and definitively 30 days after September 21, 2018. *See Samuel-Bassett, supra*; *Old Forge School Dist., supra*; *Miller Elec. Co., supra*; *Freidenbloom, supra*. That either party could have appealed from either the June 13, 2018 disposition or September 21, 2018 substituted judgment did not impede Appellant's ability to file and the trial court's authority to consider a timely motion for attorneys' fees.[2] *See Samuel-Bassett, supra*; *Old Forge School Dist., supra*; *Ness,*

_____

[2] Appellant's reliance on *Township of Millcreek, supra* is inapposite. In that case, the Commonwealth Court relied upon the specific language in the Eminent Domain Code to conclude that fee requests under that statute are not subject to the 30-day period under Section 5505. In making its decision, the Commonwealth Court explained, *inter alia*, the Eminent Domain Code is the "complete and exclusive procedure and law to be followed in condemnation proceedings." *Id.* at 955. Thus, Section 5505, which applies "except as otherwise provided or prescribed by law," could not restrict a condemnee's request for fees incurred in defeating the condemnation, where the Eminent Domain Code provided no specific time limit regarding fee requests. *Id.* The Commonwealth Court further noted the lack of symmetry between the Judicial Code and the Eminent Domain Code, which "makes Section 5505 of the Judicial Code irrelevant to fee petitions filed under the Eminent Domain Code."

***supra***.

Furthermore, judicial policy requires finality in proceedings and cannot permit a litigant to prolong the case indefinitely by filing a motion for attorneys' fees at any time. ***See Ness, supra***. Based upon the foregoing, the trial court correctly concluded it lacked jurisdiction to consider Appellant's untimely motion for attorneys' fees. ***See Generation Mortg. Co., supra***. Accordingly, we affirm.[3]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/8/2020*

---

***Id.*** at 955-56. Here, the WPCL does not contain similar statutory language to the Eminent Domain Code, or a similar lack of symmetry to the Judicial Code, to bar application of Section 5505.

[3] Based on our disposition, we deny as moot Appellant's request for remand for the trial court to consider Appellant's request for attorneys' fees, costs, and expenses, including those incurred litigating the current appeal.