J-S07038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| $13,642 U.S. CURRENCY; AT&T CELLULAR PHONE; HP LAPTOP COMPUTER; DESKTOP PC; ONE SAFE; SONY VIDEO CAMERA; ONE 2003 BUICK REDEZVOUS, VIN #3G5DB03E93S579934; LG CELLULAR PHONE; BLACKBERRY CELLULAR PHONE, APPLE IPOD, PANASONIC DIGITAL CAMERA; ONE 2002 KIA SPECTRA, VIN #KNAFB161025058543 | : | No. 593 WDA 2021 |
| | : | |
| APPEAL OF: JERMAINE SAMUEL | : | |

Appeal from the Order Entered April 29, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-MD-0001225-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| $3,695.00 U.S. CURRENCY; ONE COMPAQ LAPTOP COMPUTER; ONE TOSHIBA LAPTOP COMPUTER; ONE "KILO" PRESS; ONE SONY PLAYSTATION WITH THREE GAMES; TWO CELLULAR CELLPHONES AND ONE CHARGER; ONE DYNEX TELEVISION; ONE BRACELET IN A BOX; ONE LG CELLULAR PHONE; AND ONE APPLE IPHONE | : | No. 594 WDA 2021 |
| | : | |

J-S07038-22

APPEAL OF: JERMAINE SAMUEL          :

Appeal from the Order Entered April 29, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-MD-0001224-2012

BEFORE:  OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED: MARCH 16, 2022**

Jermaine Samuel (Samuel) appeals from the April 29, 2021 orders of the Court of Common Pleas of Blair County (trial court) denying his motions for leave to file appeal *nunc pro tunc* in these forfeiture actions.[1]  We affirm.

We glean the following facts from the certified record.  On July 23, 2012, the Commonwealth filed the above-captioned forfeiture petitions with Samuel named as a claimant.[2]  Both petitions were served on Samuel by an agent of the Attorney General's Office on January 28, 2013, while he was at the Blair County Courthouse.  Samuel signed a form acknowledging that he had received service of the petitions.  He did not file a response to the petitions.

On March 11, 2013, the Commonwealth filed motions for orders of forfeiture averring that the claimants had not filed answers to the petitions. The motions were served on Samuel at the Blair County Prison, where he was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Samuel filed a notice of appeal at each docket number and this Court consolidated the appeals *sua sponte*.  **See** Pa. R.A.P. 513.

[2] The petition at MD 1225-2012 also named two additional claimants who are not parties to this appeal.

- 2 -

incarcerated. By orders dated March 22, 2013, and docketed on March 25, 2013, the trial court granted the petitions. Again, the orders granting the petitions were served on Samuel at the Blair County Prison.[3]

No further action was taken on either docket until October 2, 2020, when Samuel filed a *pro se* "Notice of Appeal, *Nunc Pro Tunc*" in each case. Both notices stated that Samuel did not have a copy of the order granting forfeiture and that he "was not informed of what legal action was available to him, and thus comes forth at this time to file this Notice of Appeal, Nunc Pro Tunc, and respectfully requests lee-way [sic] of the Court, being a layman, to appeal the decision in this case matter." Notices of Appeal, 10/2/20.

The trial court ordered Samuel to filed concise statements pursuant to Pa. R.A.P. 1925(b) in each case and he complied. The trial court entered responsive opinions stating that it considered the notices to be petitions for allowance of appeal *nunc pro tunc*. It opined that the petitions should be denied and the appeals quashed. This Court quashed the appeals as untimely without prejudice for Samuel to seek *nunc pro tunc* relief in the trial court. ***See In re: $13,642.00 U.S. Currency***, 1203 WDA 2020 (Pa. Super. Jan. 13,

---

[3] In case MD 1224-2012, following a petition by the Commonwealth, the trial court issued an amended order of forfeiture on April 12, 2013, correcting the amount of currency to be forfeited from $3,695 to $3,965. The amended order was served on Samuel on April 23, 2013.

- 3 -

2021) (*per curiam*); **In re: Commonwealth of Pa.**, 1204 WDA 2020 (Pa. Super. Jan. 13, 2021) (*per curiam*).

Samuel filed the instant motions for leave to file appeal *nunc pro tunc* in both matters on February 19, 2021. He stated that he believed the trial court had granted him a *nunc pro tunc* appeal when it ordered him to file a concise statement and granted him an extension of time to do so. He also pointed out an apparent administrative error in the docket sheet that caused the name of counsel from the Attorney General's Office to be listed as his attorney on the docket. He did not offer any explanation for the seven-year delay in filing the notices of appeal after the forfeiture petitions were granted.

The trial court held a hearing on the motions on April 22, 2021, at which Samuel testified. He said that he was not represented by an attorney during the forfeiture proceedings, did not attend any hearings on the matters and was denied due process and equal protection of the law as a result. He said the docket sheet incorrectly listed the Attorney General's Office as his counsel. He attempted to contest the facts of the underlying forfeiture petitions but the trial court informed him that only his motions for allowance of appeal *nunc pro tunc* were under consideration at the hearing. Finally, Samuel stated that he never received notice of the forfeiture proceedings.

In response, the Commonwealth presented the personal service forms for the original proceedings, which had previously been filed of record in the case. Samuel had signed the forms acknowledging receipt of the forfeiture

- 4 -

petitions and the petitions were granted nearly two months later when he failed to file a response.  Certificates of service were also filed for the orders granting the petitions, indicating that Samuel had been served while incarcerated in the Blair County Prison.  The Commonwealth contended that Samuel had no right to an attorney for the forfeiture proceedings and had not advanced any reasonable explanation for the seven-year delay in filing his notices of appeal.

The trial court subsequently denied the motions and Samuel timely appealed.  He and the trial court have complied with Pa. R.A.P. 1925.[4]

Samuel raises five issues on appeal:  whether the trial court lacked subject matter jurisdiction to grant the forfeiture petitions; whether the trial court erred by failing to hold a hearing before granting the forfeiture petitions; whether the trial court abused its discretion in denying him the right to appeal *nunc pro tunc*; whether the trial court erred and favored the Commonwealth by not informing him of his right to appeal the orders granting forfeiture despite his *pro se* status; and whether the trial court displayed bias against him as a *pro se* litigant and unduly favored the Commonwealth.[5]

_____

[4] We evaluate the trial court's order denying a motion for leave to file appeal *nunc pro tunc* for an abuse of discretion.  **Commonwealth v. Stock**, 679 A.2d 760, 762 (Pa. 1996).

[5] Samuel's first two issues on appeal challenge the merits of the underlying forfeiture petitions*.*  As the trial court informed him at the hearing, the orders granting forfeiture have long been final and he cannot challenge them on the
*(Footnote Continued Next Page)*

First, we consider whether the trial court abused its discretion in denying *nunc pro tunc* relief. "Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014) (citation omitted). "[A]n appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." ***Commonwealth v. Stock***, 679 A.2d 760, 764 (Pa. 1996). The time for filing an appeal may only be extended in extraordinary circumstances such as fraud, ineffectiveness of counsel or a breakdown in the operations of the court. ***Id.*** at 763-64. An appellant's negligence does not excuse the failure to file a timely notice of appeal. Thus,

> [w]here an appeal is not timely because of non-negligent circumstances . . . and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.

***Fischer v. UPMC Northwest***, 34 A.3d 115, 122 (Pa. Super. 2011) (internal quotations and emphasis omitted).

---

merits unless he establishes he is entitled to *nunc pro tunc* relief. ***See*** 42 Pa.C.S. § 5505; ***Szwerc v. Lehigh Valley Health Network, Inc.***, 235 A.3d 331, 336 (Pa. Super. 2020) ("Pursuant to Section 5505, a trial court's jurisdiction generally extends for thirty days after the entry of a final order. . . . After the thirty-day time period, the trial court is divested of jurisdiction." (cleaned up)). Accordingly, we do not address these issues further.

The trial court did not abuse its discretion in denying Samuel's motions as Samuel did not allege any non-negligent circumstances to justify the late filing of his notices of appeal. The orders were entered in March 2013 and he first attempted to appeal in October 2020, over seven years later. He did not explain the delay other than to state that he was a layman and unaware of his legal remedies. He did not explain why it took over seven years to learn that he could file an appeal from a forfeiture order in his motions for *nunc pro tunc* relief or at the hearing.

Instead, Samuel merely asserted that he had not been served with the petitions and orders. As the trial court noted, the record clearly belies these claims. Trial Court Opinion, 4/29/21, at 8-9.[6] Samuel personally signed a receipt of service form for the petitions, and certificates of service indicate that he was served with the motions for entry of order and subsequent orders when he was incarcerated at the Blair County Jail. Accordingly, he has not established that extraordinary or non-negligent circumstances caused him to miss the deadline for filing the appeal. ***Stock***, ***supra***; ***Fischer***, ***supra***.

Additionally, a litigant seeking to appeal *nunc pro tunc* must also show that the time period that elapsed since the expiration of the appeal period was "of very short duration" and that the "appellee is not prejudiced by the delay."

---

[6] The trial court filed substantially identical opinions in both cases. We cite to the opinion filed at MD 1224-2012.

*Fischer*, *supra*; *see Stock*, *supra* (granting *nunc pro tunc* relief when notice of appeal was filed one week late). Seven years is not a "very short" delay in seeking an appeal. Finally, the trial court noted "with the time lapse of greater than seven (7) years, in all likelihood, the property subject to forfeiture has been lawfully disposed of by the Commonwealth." Trial Court Opinion, 4/29/21, at 10. Accordingly, the Commonwealth would be prejudiced by the late filing of an appeal. No relief is due.

Next, Samuel argues that he is entitled to relief because the trial court failed to advise him of his right to defend against the forfeiture and to appeal the orders after they were entered.[7] He contends the trial court should have informed him of his appellate rights because he was proceeding *pro se*. He cites no authority in support of the proposition that the trial court was obligated to inform him of his appellate rights because of his *pro se* status. To the contrary, "[u]nder Pennsylvania law, *pro se* [litigants] are subject to the same rules of procedure as are represented [litigants]. . . . Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel." *Commonwealth v. Blakeney*, 108 A.3d 739,

---

[7] Samuel also argues that the trial court abused its discretion in allowing the Commonwealth to proceed with the forfeiture petitions while the related criminal cases were pending, as he was prevented from responding for fear of prejudicing his criminal cases. As these arguments were not raised in the trial court, they are waived. Pa. R.A.P. 302(a).

766 (Pa. 2014). The then-effective Forfeiture Act[8] did not require the trial court to include any notice of appellate rights in the orders granting forfeiture. **See** 42 Pa.C.S. §§ 6801-6802 (repealed).

In addition, "[b]ecause forfeiture actions are civil, appellate courts in the Commonwealth have likewise rejected arguments that the full panoply of protections afforded criminal defendants also apply to forfeiture." **Com. v. All That Certain Lot or Parcel of Land Located at 605 Univ. Drive**, 104 A.3d 411, 426 (Pa. 2014). To comport with due process, a claimant in a forfeiture action must be provided with notice and an opportunity to be heard on the matter. **Id.** at 426 n.17. Here, the petitions filed by the Commonwealth included the statutorily-required "Notice to Answer Petition for Forfeiture and Condemnation" informing Samuel of his obligation to respond within 30 days to set forth his lawful interest in the subject property. **See** Petitions for Forfeiture, 7/23/12, at unnumbered 1; 42 Pa.C.S. § 6802(b) (repealed). Despite having notice and an opportunity to contest the forfeiture petitions, Samuel elected not to respond. He is not entitled to *nunc pro tunc* relief to contest the forfeiture seven years later when he received all process he was due before the petitions were granted.

Finally, Samuel argues that the trial court displayed bias against him as a *pro se* litigant and favored the Commonwealth in the forfeiture proceedings

---

[8] Effective July 1, 2017, the Forfeiture Act was recodified at 42 Pa.C.S. §§ 5801-5808.

and in denying his motions for allowance of appeal *nunc pro tunc*. However, Samuel did not raise this issue in the trial court by filing a motion to recuse or orally moving for recusal on the record at the hearing. It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a). Accordingly, he is not entitled to relief.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2022