J-A17027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| BLUE HAVEN POOLS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SKIPPACK BUILDING CORPORATION | : | No. 2043 EDA 2022 |
| AND BS TRUST, EB TRUST, JE TRUST | : | |
| AND SJ TRUST, GARNISHEES | : | |

Appeal from the Order Entered July 6, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2005-26165

BEFORE:   KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                **FILED OCTOBER 26, 2023**

Blue Haven Pools ("Blue Haven") appeals from the order awarding counsel fees to BS Trust, EB Trust, JE Trust, and SJ Trust (collectively "Garnishees").  Following our review, we are constrained to reverse.

This Court has previously set forth the lengthy factual and procedural history of this matter in **Blue Haven Pools v. Skippack Bldg. Corp.**, 260 A.3d 139 (Pa. Super. 2021) (unpublished memorandum).  Because the somewhat convoluted procedural posture of this case extended over many years, we summarize only the relevant factual and procedural history, for purposes of the present appeal, as follows:  In November 2005, Blue Haven filed a civil action against Skippack Building Corporation ("Skippack") for

_____

[*] Retired Senior Judge assigned to the Superior Court.

breach of contract, citing Skippack's failure to make payments due on a construction contract ("the original litigation"). *See id*. at *1. In November 2010, following a non-jury trial, the trial court entered judgment in favor of Blue Haven and against Skippack. Since then, Blue Haven has unsuccessfully attempted to enforce the 2010 judgment against Skippack via garnishment proceedings against Skippack and its shareholders, Garnishees ("the garnishment litigation"). *See id*.

In 2012, Blue Haven filed a motion for judgment against Garnishees, seeking to recover the 2010 judgment. Blue Haven asserted that Skippack fraudulently transferred money to Garnishees during the breach of contract action. *See id*. Ultimately, following a non-jury trial, the trial court found in favor of Skippack and Garnishees in November 2014. *See id*. at *2. Blue Haven filed a post-trial motion for judgment notwithstanding the verdict, which the trial court denied on *March 23, 2015*. *See id*.

Blue Haven filed a notice of appeal on April 21, 2015 in the garnishment action notwithstanding the fact that the trial court had not yet entered judgment in the garnishment action. This Court later deemed the appeal premature, but allowed it to proceed; however, the Court directed Blue Haven to praecipe the trial court prothonotary to enter judgment. *See id*. Blue Haven complied, and the March 23, 2015 order denying post-trial motions in the garnishment action was reduced to judgment on *January 23, 2017*. *See id*. Following the perfection of jurisdiction, this Court, on April 3, 2017,

- 2 -

affirmed the judgment in the garnishment action. ***See id***. (citing ***Blue Haven Pools v. Skippack Building Corp.***, 169 A.3d 1132 (Pa. Super. 2017) (unpublished memorandum)).

On ***April 20, 2017***, following the affirmance by this Court, but ***more than thirty days after both the March 23, 2015 order denying Blue Haven's post-trial motion in the garnishment action, as well as the January 23, 2017 entry of judgment in the garnishment action***, Garnishees filed a motion for attorneys' fees with the trial court pursuant to 42 Pa.C.S.A. § 2503(a)(3). ***See id***. at *3. In January 2018, the trial court held a phone conference on the motion for attorneys' fees, wherein, for unknown reasons, Blue Haven argued it had been entitled to a jury trial in the garnishment action. On January 9, 2018, the trial court directed Blue Haven to file a motion in support of its request for a jury trial in the garnishment action, and on January 17, 2018, Blue Haven filed the motion. The trial court subsequently denied the motion in June 2019. ***See id***. Blue Haven appealed the order denying its motion for a jury trial, and this Court affirmed in July 2021. ***See id***. at *6.

Following this Court's July 2021 affirmance of the order denying Blue Haven's motion for a jury trial in the garnishment action, the trial court scheduled an evidentiary hearing on Garnishees' motion for attorneys' fees. ***See*** Trial Court Opinion, 1/18/23, at 2. In August 2021, Blue Haven filed a motion to dismiss the Garnishees' motion for attorneys' fees. In September

2021, the trial court denied Blue Haven's motion to dismiss and conducted an evidentiary hearing on Garnishees motion for attorneys' fees. *See id*. at 3. On July 6, 2022, the trial court issued an order granting Garnishees' motion for attorneys' fees. *See id*. at 4. On August 4, 2022, Blue Haven filed a timely notice of appeal, and both Blue Haven and the trial court complied with Pa.R.A.P. 1925. *See id*. at 4.

Blue Haven raises the following issues for our review:

1. Whether the trial court erred in awarding . . . Garnishees[] counsel fees when, according to 42 Pa.C.S.A. § 5505, the court lacked jurisdiction to consider . . . Garnishees' motion to award counsel fees since their motion was filed more than thirty (30) days after the court's final order in the garnishment proceeding?

2. Whether the trial court erred in awarding . . . Garnishees[] counsel fees when . . . Garnishees failed to file a post-trial motion for fees and costs pursuant to [Pa.R.Civ.P.] 227.1?

3. Whether the trial court erred in awarding . . . Garnishees[] counsel fees when they were not innocent stakeholders entitled to fees and costs?

4. Whether the trial court erred in awarding . . . Garnishees[] counsel fees when they did not pay any attorney's fees or costs and introduced no evidence that they paid any attorney's fees or costs?

Blue Haven's Brief at 4 (unnecessary capitalization omitted) (issues re-ordered for ease of disposition)

Our standard of review for appeals from orders awarding attorneys' fees is as follows:

> [T]rial courts have great latitude and discretion in awarding attorney fees when authorized by contract or statute. Generally,

- 4 -

the denial of a request for attorneys' fees is a matter within the sound discretion of the trial court, which will be reversed on appeal only for a clear abuse of that discretion. Whether a trial court had jurisdiction to act on a fee petition, however, is a question of law as to which our standard of review is *de novo* and our scope of review is plenary.

***Szwerc v. Lehigh Valley Health Network, Inc.***, 235 A.3d 331, 335 (Pa. Super. 2020) (internal citations, quotations, and brackets omitted).

In its first issue, Blue Haven argues the trial court erred in awarding counsel fees to Garnishees because the court lacked jurisdiction to consider the motion for counsel fees, since it was untimely. Section 2503(3) of the Judicial Code provides:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> * * * *
>
> (3) A garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.

42 Pa.C.S.A. § 2503. Section 5505 states that, "[e]xcept as otherwise provided or prescribed by law, a court . . . may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. "Pursuant to [s]ection 5505, a trial court's jurisdiction generally extends for thirty days after the entry of a final order. . . . After the 30-day time period, the trial court is divested of jurisdiction." ***Szwerc***, 235 A.3d at 336 (internal citation, quotations, and brackets omitted). "***Where***

***the litigant files a motion for counsel fees under Section 2503 after
entry of a final order, [s]ection 5505 requires the litigant to do so
within 30 days of the entry of a final order; the trial court lacks
jurisdiction to consider a fee motion filed beyond the 30-day period***." 
***Id***. (emphasis added).  A petition for counsel fees under section 2503 is not
a separate suit for fees, but rather, a matter that is connected but ancillary to
the underlying action; therefore, if the petition for counsel fees is ***timely filed***,
the trial court is empowered to act on it, even after an appeal is taken.  ***See
id***.[1]  Lastly, "judicial policy requires finality in proceedings and cannot permit
a litigant to prolong the case indefinitely by filing a motion for attorneys' fees
at any time."  ***Id***. at 339.

Blue Haven argues that "[w]here a litigant files a motion for counsel
feels under [section] 2503, after the entry of a final order, [section] 5505
requires the litigant to do so within 30 days of the entry of the final order.
The trial court lacks jurisdiction to consider a fee motion filed beyond the

---

[1] "Moreover, . . . [d]elay in filing a motion for counsel fees while an underlying appeal is pending denies the trial court the opportunity to consider the fee request at a time when the court is familiar with the case and issues.  . . . [A determination otherwise] would permit the filing of a motion for counsel fees years after the events and conduct for which fees are sought." ***Szwerc***, 235 A.3d at 337 (quoting ***Ness v. York Tp. Bd. of Com'rs***, 123 A.3d 1166, 1170-71 (Pa. Commw. 2015)); ***see also Petow v. Warehime***, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010) (stating that, while Commonwealth Court decisions do not bind this Court, they may "provide persuasive authority").

30-day period." Blue Haven's Brief at 30. Blue Haven maintains the final order in this matter occurred on November 13, 2014, when the trial court first entered its verdict in favor of Garnishees; and because Garnishees did not file their motion for fees until April 20, 2017 (approximately two-and-a-half years later), the trial court had no jurisdiction to act on the motion. **See id**. at 34.

The trial court considered Blue Haven's argument and determined no relief was due. The trial court acknowledges that its order became final on January 23, 2017, when that court entered judgment following this Court's directive, and it also acknowledges that an appeal does not extend the "30-day period after the trial court's final order in which a party must file a motion for counsel fees." Trial Court Opinion, 1/18/23, at 9. It explains further, however, that, by continuing litigation "after its first appeal," Blue Haven could not plausibly argue that there was a final determination that rendered Garnishees' motion untimely. **See id**. The trial court apparently concludes that it had jurisdiction into August 2021, following this Court's resolution of Blue Haven's second appeal and the latter's subsequent motion before the trial court to dismiss Garnishees' motion for counsel fees. **See id**. at 2-3, 6, 8-9 (discussing, *inter alia*, **Miller Electric Company v. DeWeese**, 907 A.2d 1051 (Pa. 2006)).

Following our review, we are constrained to reverse. **Szwerc** requires motions for counsel fees to be presented within thirty days of a final order. **See Szwerc**, 235 A.3d at 336 (discussing the interplay between 42 Pa.C.S.A.

§§ 2503 and 5505). We observe that the trial court entered an order on March 23, 2015 denying Blue Haven's post-trial motion following the November 2014 verdict, which was the subject of Blue Haven's first appeal. ***See Blue Haven***, 260 A.3d 139 (unpublished memorandum at *2). While this Court previously concluded the March 23, 2015 order was the trial court's "final pronouncement" and was properly appealable, we nevertheless required Blue Haven to perfect this Court's jurisdiction by filing a praecipe for a final judgment, which the trial court entered on January 23, 2017. ***See Blue Haven***, 169 A.3d 1132 (unpublished memorandum at *1 n.1); ***see also*** Judgment Court Order, 1/23/17. This is to say that whether the final order in this case is March 23, 2015 (denial of post-trial motions in the garnishment action), or, ***at the latest***, January 23, 2017 (entry of judgment in the garnishment action), ***Szwerc*** provides that Skippack had thirty days from the date of the final order to file a motion for counsel fees, and an appeal does not extend the time period for the motion to be filed:

> The filing of an appeal . . . does not divest the trial court of jurisdiction over . . . a motion for counsel fees. Because the trial court retain[s] jurisdiction over the separate issue of counsel fees, [the] filing of [an appeal] d[oes] not prevent [the] timely filing [of a] request for counsel fees on or before [expiration of 30 days from entry of the final order].
>
> * * * *
>
> . . . ***Miller Electric Co.*** **does not hold that an appeal extends the 30–day period after the trial court's final order in which a party must file a motion for counsel fees**.

- 8 -

*Szwerc*, 235 A.3d at 337 (quoting *Ness*, 123 A.3d at 1170-71) (some brackets in original; emphasis added).[2]  Accordingly, Garnishees had thirty days from January 23, 2017 (the date judgment was entered, the later of the two possible dates, to file a motion for counsel fees.  However, they did not file the motion until after the expiration of the thirty-day period, *i.e.*, on April 20, 2017 (following this Court's April 3, 2017 affirmance of the trial court's order entering judgment against Blue Haven).  *See* Motion to Award Counsel Fees, 4/20/17.  Thus, the trial court lacked jurisdiction to decide the motion. Therefore, we are constrained to reverse.[3]

Order reversed.

_____

[2] In *Miller*, a motion for counsel fees was filed months ahead of the entry of judgment, though the motion was not decided until after the final judgment was entered.  *See* 907 A.2d at 1053-54, 1057.  The issue there was whether an appeal from the trial court's order denying the motion for attorneys' fees was timely, even though the order followed entry of the final judgment.  The appeal in *Miller* would only have been timely if calculated from the date of the order denying the motion, but untimely if calculated from the date of the final judgment.  *See id*. at 1057.  Our Supreme Court held that the order denying the motion for attorneys' fees was the order from which the appeal lay, and thus the proper date from which the time for filing an appeal should be calculated.  *See id*.

[3] Because this issue is dispositive, we do not reach the merits of Blue Haven's remaining issues.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/26/2023