J-S03003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| | : | No. 766 MDA 2025 |
| FLOYD BRANT | : | |

Appeal from the Order Entered May 13, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2023-SU-002827

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: APRIL 20, 2026**

Appellant, Nationwide Mutual Fire Insurance Company, appeals from the May 13, 2025, order entered in the York County Court of Common Pleas granting Appellee's[1] petition to enforce the court's November 13, 2023 order that had molded an "umpire's" appraisal award in an insurance coverage dispute.[2]  After careful review, we affirm.

The relevant facts and procedural history are as follows.  Appellant provided homeowners insurance ("the Policy") to Appellee at a home located

---

[1] Floyd Brant passed away in 2022, and his wife, Grace Brant, brought the petition individually and as executrix of Floyd Brant's estate ("Appellee").

[2] As the May 13, 2025 petition to enforce the trial court's November 14, 2023 order was the only item pending before the trial court and resolved the only remaining issue between the parties, it is a final and appealable order.  **See** Pa.R.A.P. 341(b)(1) (a final order disposes of all claims and all parties).

in York, Pennsylvania ("the Property"). On August 31, 2021, a large tree fell and caused damage to the structure and contents of the house on the Property, as well as to the surrounding structures and landscape. Appellee retained an adjustment group to assess the loss for purposes of making a claim under the Policy. Appellant disagreed with the adjustment group's assessment, provided its own valuation, and denied portions of Appellee's claim.

As permitted by the Policy, the parties requested that the court appoint an "umpire" for appraisal. On August 1, 2023, the trial court ordered the appointment of an umpire. On September 16, 2023, the umpire issued his appraisal award and awarded Appellee $688,677.35, an amount in excess of the estimates of either party. On October 13, 2023, Appellant moved to strike and vacate the award, arguing that the umpire had exceeded the scope of his authority in issuing the award.

In an order issued on November 14, 2023, the trial court found that the umpire had exceeded the scope of his authority by considering costs beyond the scope of the estimates submitted by the parties and by determining some costs to be in excess of the estimates. The trial court, therefore, molded the award "to conform to the terms of submission," directing Appellant to pay "the maximum amount between the differences submitted to the [u]mpire by the parties for each line item." Op. in Support of Order, 11/14/23, at 5.

Based on this order, Appellant issued a payment to Appellee using the higher estimated value for line items that it deemed covered under the Policy.

- 2 -

However, Appellant did not issue any payments for line items that it considered to be excluded from coverage under the Policy. Thus, while the sum of the highest submitted estimates totaled $576,232.90, Appellant paid only $329,745.68. On March 22, 2024, Appellant filed a *praecipe* to discontinue and end the action.

On April 25, 2024, Appellee filed a petition to enforce the court's November 13, 2023 order for the line items which Appellant had not paid. Appellant filed a response in opposition and new matter, and Appellee filed a reply to the new matter.

On December 10, 2024, the trial court held a hearing on the petition to enforce. On May 13, 2025, the trial court granted Appellee's petition to enforce and ordered Appellant to comply with the November 14, 2023 order and pay the remaining balance of the molded appraisal of $206,296.41 to the estate of Floyd Brant.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.[3]

---

[3] The trial court directed Appellant to file its 1925(b) statement by July 2, 2025. On July 2, 2025, Appellant timely filed its Rule 1925(b) statement. However, on July 3, 2025, the trial court prothonotary rejected the filing because Appellant had submitted a fee with the filing which was not required. The prothonotary directed Appellant to re-file without the fee. As a result, on July 3, 2025, Appellant re-filed its Rule 1925(b) statement without a fee and the prothonotary accepted it. We conclude that the prothonotary's initial rejection of Appellant's Rule 1925(b) statement was unnecessary since the court could have simply refused to accept the fee. We, thus, deem Appellant's Rule 1925(b) statement timely filed for the purposes of this appeal.

Appellant raises the following issues for our review:

1. Whether the trial court improperly entered the [o]rder, granting coverage to [Appellee] for dwelling and contents items for which [Appellant] properly denied coverage, a determination for which [Appellee] never sought judicial review within the mandatory insurance policy two-year suit limitation period and which was outside the scope of the appraisal valuation and award process[?]

2. Whether the trial court improperly entered evidence into the record, over objection, that established valuation for dwelling and contents items for which [Appellant] properly denied coverage, a determination for which [Appellee] never sought judicial review within the mandatory insurance policy two-year suit limitation period and which was outside the scope of the appraisal valuation and award process, and which served as the basis for the damages award contained in the [o]rder[?]

Appellant's Br. at 6.

Appellant first asserts that the trial court, in issuing its November 14, 2023 order, "could only have molded the award consistent with the umpire's authority and therefore, could not have included items for which coverage had been denied." *Id.* at 42. Appellant also asserts that the trial court never intended its November 2023 order "to award [Appellee] the full amount of each of [Appellee's] estimates[.]" *Id.* at 43. Therefore, Appellant asserts that the trial court could not compel it to pay Appellee for any line items "for which coverage was denied." *Id.* at 42.

Preliminarily, we must determine if we have jurisdiction to consider Appellant's challenges to the court's November 2023 order. A court may only modify or rescind an order "within 30 days after its entry [] if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. After this 30 day

period expires, the trial court is divested of jurisdiction. ***Szwerc v. Lehigh Valley Health Network, Inc.,*** 235 A.3d 331, 336 (Pa. Super. 2020). The November 2023 was a final, appealable order which resolved all claims as to all parties[4] and, following its entry, Appellant filed a *praecipe* to discontinue and end the action. ***See*** Pa.R.A.P. 341(b)(1). As neither party appealed the November 2023 order, the trial court was divested of jurisdiction to modify or reconsider this order when the 30 day time period expired.

Accordingly, the trial court properly emphasized that its role at the hearing on the subsequent petition to enforce "was limited to determining if [Appellant] had complied with our [November 2023] order" and stated that "if [Appellant] believed we erred in how we molded the [u]mpire's [a]ward, which they assert includes items that are not covered by the Policy, or that we erred by molding instead of vacating the [a]ward, they should have appealed our November 14, 2023, [o]rder." Trial Ct. Op., 8/18/25, at 10.

As Appellant appealed only the May 2025 order granting Appellee's petition to enforce, we, too, decline to consider any issues pertaining solely to the November 2023 order. In its November 2023 order, the trial court molded the award "to conform to the terms of submission, which is the maximum amount between the differences submitted to the [u]mpire by the parties for

_____

[4] For instance, this Court has found that an order vacating an appraisal award and failing to direct further proceedings was a final order. ***See Riley v. Farmers Fire Ins. Co.***, 735 A.2d 124, 127 (Pa. Super. 1999). Here, the trial court did not direct further proceedings in its November 2023 order because it considered the order final. ***See*** Order, 11/24/23; Trial Ct. Op. at 4.

**each line item**." Op. in Support of Order, 11/14/23, at 5 (emphasis added). Appellant admits that it did not pay out the maximum difference between the competing estimates for each line item but explains that it did not do so because it determined that certain line items were not covered under the Policy. However, if Appellant wished to assert that the trial court erred in including those line items in its molded award, it should have appealed the November 2023 order rather than unilaterally withholding payment for select line items. It did not do so and, accordingly, this Court does not have jurisdiction to consider Appellant's challenges to the November 2023 order.

Appellant next asserts that the trial court erred when it heard and considered evidence pertaining to "coverage issues" at the hearing on the petition to enforce. Appellant's Br. at 45-54. Appellant claims that Appellee's petition to enforce was **Appellee's** attempt to "raise coverage issues, *i.e.* challenge [Appellant's] denials and limitations" in contravention of the Policy's suit limitation clause and, thus, the court could not consider any argument involving coverage at the hearing. ***Id.***

We review challenges to the trial court's evidentiary rulings for an abuse of discretion. ***U.S. Bank, N.A. v. Pautenis***, 118 A.3d 386, 391 (Pa. Super. 2015). "[D]ecisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party." ***Id.*** (citation omitted).

In response to Appellant's argument, the trial court again clarified that it "did not make any coverage determinations" at the hearing on the petition to enforce and its "determination that [Appellant] was not in compliance with [the November 2023 o]rder, and as to the sum owed, had no connection to coverage determinations." Trial Ct. Op. at 11.

Our review of the record demonstrates that the parties discussed and presented evidence regarding coverage at the hearing due to **Appellant's** position that it was not required to fully comply with the November 2023 order for line items it deemed excluded from the Policy's coverage. The trial court, therefore, did not err or abuse its discretion in allowing the parties to present evidence and argument on this point as it was directly relevant to Appellant's compliance with the November 2023 order. Further, the trial court made no coverage determinations at the hearing as it did not have jurisdiction to reconsider its November 2023 order, and the scope of the hearing was limited to determining whether Appellant had complied with that order. Appellant's argument is, therefore, without merit.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026