OPINION BY
Senior Judge JAMES GARDNER COLINS.
This matter is an appeal from an order of the Court of Common Pleas of York County (trial court) awarding counsel fees to the York Township Board of Commissioners (Township) under 42 Pa.C.S. § 2503. Because the Township filed its Petition for Sanctions seeking counsel fees more than 30 days after the trial court’s final order in this case, we vacate the award of counsel fees for lack of jurisdiction.
On November 13, 2013, Dennis L. Ness (Ness), pro se, filed a Petition for Review against the Township and York County Commissioners (County), challenging the validity of tax exemption ordinances enacted by the County and the Township in 2006, 2008 and 2011. (Petition for Review, Reproduced Record (R.R.) at la-43a.) The Township moved to dismiss the Petition for Review. (Motion to Dismiss Petition for Review and, in the Alternative Preliminary Objections, R.R. at 81a-87a.) On December 17, 2013, the trial court entered an order dismissing the Petition for Review with prejudice on the grounds that Ness lacked standing, that the Petition for Review did not state a legally cognizable claim, that necessary parties had not been joined, and that the challenge to the ordinances was not timely. (12/17/13 Trial Court Order and Opinion, R.R. at 107 a-119a.).
On January 2, 2014, Ness filed a Notice of Appeal appealing this dismissal, which was docketed in this Court as No. 8 C.D. 2014 (the January 2014 Appeal). Neither the Township nor the County filed any petition for sanctions, request for counsel fees or motion for any other additional relief within 30 days of the entry of the trial court’s December 17, 2013 order, either before or after Ness filed that appeal. In the January 2014 Appeal, Ness failed to file his brief when due and also failed to file any brief in response to the Court’s April 15, 2014 order that he file his brief with 14 days or suffer dismissal of the appeal. On May 9, 2014, this Court, accordingly, dismissed the January 2014 Appeal.
On May 22, 2014, after the dismissal of the January 2014 Appeal and more than five months after the trial court’s December 17, 2013 final order dismissing the Petition for Review with prejudice, the Township filed a Petition for Sanctions, seeking an award of counsel fees against Ness under 42 Pa.C.S. § 2503(9), which permits the award of counsel fees against parties whose conduct in commencing or litigating a case is “arbitrary, vexatious or in bad faith.” (Petition for Sanctions, R.R. at 127a-133a.) In the Petition for Sanctions, the Township asserted that Ness filed the Petition for Review without any basis in law or fact and solely to harass, and alleged that it had incurred $3,892.70 in counsel fees in defending against the Petition for Review. (Petition for Sanctions ¶¶ 13-19, R.R. at 129a-130a.) The trial court issued a Rule to Show Cause scheduling argument on the Petition for Sanctions, but did not set any date by which Ness was required to file an answer to the Petition for Sanctions. (Order Issuing Rule to Show Cause, R.R. at 134a.) At the argument of the Township’s Petition for Sanctions, the Township did not submit any bills from counsel or other evidence of the amount of counsel fees it had incurred. Rather, the Township addressed only the issue of *1169 whether Ness’s conduct was arbitrary, vexatious or in bad faith. (Transcript of Sanctions Proceeding (H.T.) at 2-9, R.R. at 137a-144a.) At the close of that proceeding, the trial court granted the Township’s Petition for Sanctions and ordered Ness to pay the Township $3,892.70 in counsel fees. (H.T. at 14-16, R.R. at 149a-151a; 7/22/14 Trial Court Order, R.R. at 153a-155a.) This appeal followed.[1]
Ness argues that the trial court was without jurisdiction to award the Township counsel fees because the Township’s Petition for Sanctions was not filed within 30 days of the December 17, 2013 order dismissing the Petition for Review. We agree.[2]
Under Section 5505 of the Judicial Code,[3] a trial court lacks authority to award additional relief sought more than 30 days after its final order in a case. Strohl v. South Annville Township, (Pa. Cmwlth. Nos. 2162 C.D. 2009 & 2324 C.D. 2009, filed April 13, 2011), slip op. at 11-12, 2011 WL 10858400 at *4; In re Estate of Bechtel, 92 A.3d 833, 843 (Pa.Super.2014); Freidenbloom v. Weyant, 814 A.2d 1253, 1255 (Pa.Super.2003), overruled in part on other issue by Miller Electric Co. v. DeWeese, 589 Pa. 167, 907 A.2d 1051 (2006). “A trial court’s jurisdiction generally extends for thirty days after the entry of a final order-After the 30 day time period, the trial court is divested of jurisdiction.” Freidenbloom, 814 A.2d at 1255. Accordingly, where a request for counsel fees under 42 Pa.C.S. § 2503 is filed more than 30 days after final judgment, the trial court has no jurisdiction to act on that request, and its award of counsel fees must be vacated for lack of jurisdiction. Strohl, slip op. at 11-14, 2011 WL 10858400 at *4-*5 (vacating award of counsel fees for lack of jurisdiction where motions for sanctions were filed 38 days or more after trial court orders dismissing complaint with prejudice); Freidenbloom, 814 A.2d at 1255-56 (vacating award of counsel fees for lack of jurisdiction where petition for counsel fees was filed 36 days after discontinuance of action).
The trial court’s final order in this matter was its dismissal of the Petition for Review, which was entered December 17, 2013. The Township was therefore required to file any application for counsel fees within 30 days of that order, by January 16, 2014. Because the Township took no action to request counsel fees until May 22, 2014, the triál court did not have jurisdiction to act on that request and its award of counsel fees cannot stand. Strohl, slip op. at 11-14, 2011 WL 10858400 at *4-*5; Freidenbloom, 814 A.2d at 1255-56.
The fact that Ness filed an appeal that was pending in this Court until May 9, *1170 2014 does not change this. A motion for counsel fees under 42 Pa.C.S. § 2503 is an ' ancillary matter separate from the appeal of the trial' court’s judgment in the case. Samuel-Bassett v. Kia Motors America, Inc., 613 Pa. 371, 34 A.3d 1, 48 (2011); Old Forge School District v. Highmark Inc., 592 Pa. 307, 924 A.2d 1205, 1211 (2007). The filing of an appeal therefore does not divest the trial court of jurisdiction over such a motion for counsel fees. Samuel-Bassett, 34 A.3d at 48; Old Forge School District, 924 A.2d at 1211. Because the trial ’court retained jurisdiction over the separate issue of counsel fees, Ness’s fifing of the January 2014 Appeal did not prevent the Township from timely fifing its request for counsel fees on or before January 16, 2014.[4]
Moreover, this Court’s order in the January 2014 Appeal did not give the trial court any renewed jurisdiction over this matter. Had this Court reversed the trial court’s December 17, 2013 order and remanded the case for further proceedings, the trial court would again have had jurisdiction to act in this case and a request.for counsel fees could be filed before it entered a new final order or within 30 days of such a new order. Strohl, slip op. at 13, 2011 WL 10858400 at *5. This Court, however, did not reverse or remand the case to the trial court 'for further proceedings. Rather, it dismissed the appeal, leaving the matter as if no appeal-■ had ever been filed.
The Township argues that a party must be allowed to delay fifing a motion for counsel fees until appeals are complete because our Supreme Court noted in Miller Electric Co. that “where one or both parties appeal from the judgment, the final determination as to whether a [party] ‘wins’ an action ... will depend on the outcome of the appeal.” 907 A.2d at 1056. We do not agree. •.
Contrary to the Township’s assertion, Miller Electric Co. does not hold that an appeal extends the 30-day period after the trial court’s final order in which a party must file a motion for counsel fees. In Miller Electric Co., the motion- for counsel fees was filed before the final judgment, and the issue was whether the final judgment on other issues prevented a later ruling on the counsel fee motion and a timely appeal from the denial of counsel fees, 907 A.2d at 1053-57, not whether a counsel fee motion can be filed in a trial court where nothing in the case is pending, long after final judgment, simply because it is within 30 days after completion of an appeal. Indeed, the Supreme Court in Miller Electric Co. noted the Superior Court’s holding in Freidenbloom that a motion for counsel fees must be filed within 30 days of final judgment with apparent approval and only disagreed with that decision to the extent that it restricted when the trial court must act on a timely filed motion, stating:
Freidenbloom stands for the proposition that a praecipe to discontinue constitutes a final judgment, and that a trial court may only act on a motion for fees that is'filed within 30 days from final judgment. Here, however, the motion for fees was filed prior to the entry of *1171 judgment; Freidenbloom does not address whether the entry of judgment is dispositive of a motion for fees filed prior to judgment.
[[Image here]]
Freidenbloom held a trial court may consider a petition for fees filed within SO days of the entry of final judgment.' Appellant’s motion for attorney’s fees was filed months prior to the entry of judgment, and we disagree that Freid-enbloom restricts the period of time a trial court may act on a motion for fees filed pursuant to § 2503(3).
907 A.2d at 1055-56 (citations omitted) (emphasis in original).
Any implication in Miller Electric Co. that a motion for counsel fees is not ripe and cannot be filed and grantéd before the completion of appeals is also negated by our Supreme Court’s later decisions.' In Old Forge School District, the Supreme Court held that this Court as trial court properly addressed a motion for counsel fees under 42 Pa.C.S. § 2503(9), even though an appeal from the underlying final order was pending that could have changed the movant’s status as a prevailing party. 924 A.2d at 1211. See also Samueh-Bassett, 34 A.3d at 48-49 (trial court had authority to award of counsel fees to plaintiffs as prevailing parties on statutory claim that provided for counsel fees while appeal of the merits was pending).
Moreover, consideration of sound judicial policy requires rejection of the Township’s argument. Delay in filing a motion for counsel fees while an underlying appeal is pending denies the trial court the opportunity to consider the fee request at a time when the court is familiar with the case and issues. While the period that the January 2014 Appeal was pending was relatively brief, that will not always be the case. The rule advocated by the Township would permit the filing of a motion for counsel fees years after the events and conduct for which fees are sought. Therefore, even if it were in our power to extend the period over which a trial court retains jurisdiction, we would decline to do so.
Because the Township did not file its Petition for Sanctions within 30 days of the trial court’s final order and this Court did not remand the case for any further proceedings, the trial court no longer had jurisdiction over this case after January 16, 2014 and was without jurisdiction to act on the Township’s May 22, 2014 Petition for Sanctions. Accordingly, we vacate the trial court’s order awarding counsel fees.

ORDER

AND NOW, this 17th day of September, 2015, the order of the' Court of Common Pleas of York County, dated July 22, 2014, is hereby VACATED.

. Generally, an award of counsel fees will not be disturbed absent of an abuse of discretion, if the trial court’s findings of fact are supported by the record. Township of South Strabane v. Piecknick, 546 Pa. 551, 686 A.2d 1297, 1300 n. 6 (1996). Whether the trial court had jurisdiction to act on the Township's Petition for Sanctions, however, is a question of law as to which the standard of review is de novo and the scope of review is plenary. Mazur v. Trinity Area School District, 599 Pa. 232, 961 A.2d 96, 101 (2008).

. Ness did not raise this issue before the trial court and did not fully and accurately articulate it until his reply brief in this appeal. Subject matter jurisdiction, however, is not waivable and may be raised at any stage of a proceeding by a party or sua sponte by the Court. Blackwell v. State Ethics Commission, 523 Pa. 347, 567 A.2d 630, 636 (1989).

.Section 5505 of the Judicial Code provides that "[ejxcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.” 42 Pa.C.S. § 5505.

. Indeed, any argument that the trial court’s jurisdiction was suspended while the matter was in this Court is contradicted by both the Township’s and the trial court’s actions. Examination of the docket in the January 2014 Appeal shows that the record was not remitted to the trial court until August 20, 2014, more than two and one-half months after the Township filed its Petition for Sanctions and almost a month after the trial court’s July 22, 2014 order awarding counsel fees. (8 C.D. 2014 Docket Entries.) Thus, if the trial court lacked jurisdiction to act on counsel fees while the case was in this Court, the sanctions order would still be void for lack of jurisdiction.