IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Yuzza Henderson, :
From Decision of Bureau of :
Administrative Adjudication : No. 247 C.D. 2023
 : Submitted: June 4, 2024
Appeal of: Yuzza Henderson :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge (P.)
          HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: August 20, 2024


        Yuzza Henderson (Owner), proceeding *pro se*, appeals from the February 2, 2023 order of the Philadelphia County Court of Common Pleas (trial court) denying her motion for reimbursement of fees stemming from the trial court's order granting her appeal and reversing the decision of the City of Philadelphia's (City) Bureau of Administrative Adjudication (BAA),[1] which resulted in the dismissal of a parking ticket. Upon review, we affirm the trial court's order on alternate legal grounds.

        Owner is the registered owner of a motor vehicle bearing Pennsylvania registration license plate number LFP8667. On July 7, 2021, the City issued her a parking violation (Ticket) for parking her vehicle on the 2000 block of Chestnut

---

[1] The BAA is a department under the City's Office of the Director of Finance, which provides administrative hearings for the adjudication of disputed parking tickets pursuant to Chapter 12-2800 of The Philadelphia Code.

Street at a metered parking space while the parking meter was expired in violation of Chapter 12-1005(1) of The Philadelphia Traffic Code. The civil penalty for the Ticket was $36.00.

On October 28, 2021, Owner appealed the Ticket to the BAA. After reviewing the evidence submitted by Owner, a BAA Parking Hearing Examiner found Owner liable for the Ticket. Owner filed a timely appeal with the BAA Parking Appeals Panel. After reviewing the Parking Hearing Examiner's decision and the evidence submitted by Owner, the BAA Parking Appeals Panel sustained the decision on February 3, 2022 (BAA Panel Decision).

From this decision, Owner filed an appeal in the trial court along with a motion to proceed *in forma pauperis* (IFP). Original Record (O.R.), Item Nos. 1 and 3. The trial court granted Owner's motion to proceed IFP. As a result, Owner was not required to pay the court filing fee of $200.29 to initiate her appeal. The parties filed briefs and presented oral argument.

By final order dated October 7, 2022, the trial court granted Owner's appeal and reversed the BAA Panel Decision, resulting in the dismissal of the Ticket and the associated $36.00 civil penalty. O.R., Item No. 15. On October 26, 2022, the City's attorney mailed Owner a letter confirming that the BAA cancelled the Ticket and that she had a zero-balance owed on the Ticket pursuant to the trial court's order. The City's letter to Owner concluded by stating that "the matter is now closed." O.R., Item No. 19, Exhibit A.

Three months later, on January 9, 2023, Owner filed a motion for reimbursement of fees in the trial court seeking $221.00 for costs she allegedly incurred in furtherance of her appeal of the Ticket. O.R., Item No. 18. The City mailed a letter to Owner formally denying her demand for costs and then filed an

answer in opposition. O.R., Item No. 19, Exhibit B. Upon consideration of Owner's motion, the City's answer in opposition, and Owner's reply, on February 2, 2023, the trial court entered an order denying Owner's motion. O.R., Item No. 23.

From this decision, on March 2, 2023, Owner filed an appeal in the Pennsylvania Supreme Court, which was transferred to this Court. Notwithstanding the appeal, on March 6, 2023, Owner filed a motion to amend judgment with the trial court, which the City opposed.

In response to Owner's appeal, on March 9, 2023, the trial court ordered Owner to file, pursuant to Pa.R.A.P. 1925(b) (Rule 1925(b)), a concise statement of errors complained of on appeal (Rule 1925(b) Statement) within 21 days (or by March 30, 2023). O.R., Item No. 35. By ordered dated March 14, 2024, the trial court denied Owner's motion to amend judgment. O.R., Item No. 35. On May 4, 2023, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) (Rule 1925(a) Opinion) stating that Owner waived any issues that may be raised on appeal because she failed to file a Rule 1925(b) Statement as directed by the March 9, 2023 order. O.R., Item No. 38.

On May 17, 2023, this Court issued a Memorandum and Order directing the parties to address in their principal briefs on the merits or in an appropriate motion whether Owner preserved any issues on appeal in light of her apparent failure to file a Rule 1925(b) Statement as directed by the trial court. On May 18, 2023, Owner filed a document titled "Reply Motion in Opposition" to the trial court's Rule 1925(a) Opinion, which this Court treated as a brief. In compliance with this Court's subsequent briefing schedule and orders, Owner filed an amended brief and a brief in reply to the City's brief.

With regard to issue preservation under Rule 1925(b), Owner claims that she was not required to comply with the trial court's March 9, 2023 order directing her to file a Rule 1925(b) Statement because the trial court's March 14, 2023 order denying her motion to amend judgment essentially "overturned" the March 9, 2023 order. *See* Appellant's Reply Motion in Opposition at 4. As to the merits, Owner contends that the trial court erred by failing to award her costs incurred during litigation after obtaining a favorable outcome against the BAA.

The City counters that Owner waived all issues on appeal because she failed to file a Rule 1925(b) Statement as directed by the trial court. She also did not avail herself of the opportunity to seek *nunc pro tunc* relief to remedy the issue. The City further asserts that the issues are waived for the additional reason that Owner did not sufficiently develop her arguments with citation to relevant legal authority and the record.

Before reaching the Rule 1925(b) claims, we must first examine whether the trial court had jurisdiction to act on Owner's motion for reimbursement of fees.[2] Under Section 5505 of the Judicial Code, 42 Pa. C.S. §5505, a trial court's jurisdiction generally extends for 30 days after the entry of a final order. *Ness v. York Township Board of Commissioners*, 123 A.3d 1167, 1169 (Pa. Cmwlth. 2015). Specifically, Section 5505 of the Judicial Code provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

---

[2] Subject matter jurisdiction is not waivable and may be raised at any stage of a proceeding by a party or *sua sponte* by the Court. *Blackwell v. State Ethics Commission*, 567 A.2d 630, 636 (Pa. 1989); *Ness v. York Township Board of Commissioners*, 123 A.3d 1166, 1169 n.2 (Pa. Cmwlth. 2015).

42 Pa. C.S. §5505. After the 30-day time period expires, the trial court is divested of jurisdiction. *Id.* This means that "a trial court lacks authority to award additional relief sought more than 30 days after its final order in a case." *Id.*

Here, the trial court's October 7, 2022 order dismissing the Ticket was the final order in this matter. Owner was required to file any motion for fees within 30 days of that order. Because Owner took no action to request counsel fees until January 9, 2023, the trial court did not have jurisdiction to act on her request. 42 Pa. C.S. §5505; *see Ness*, 123 A.3d at 1169 (holding trial court had no jurisdiction to act on a request for counsel fees filed more than 30 days after final judgment). Notwithstanding, the trial court considered and denied Owner's motion for reimbursement of fees on February 2, 2023. O.R., Item No. 23. Because the trial court was without jurisdiction to act on the motion as more than 30 days had passed since it issued the final order,[3] the order denying relief is affirmed.

---

[3] Even if the trial court had jurisdiction to act on her motion for reimbursement of fees, Owner failed to preserve any issues for our review because she failed to file a Rule 1925(b) Statement. Rule 1925(b) provides that, "[i]f the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Pa.R.A.P. 1925(b). "The Statement shall set forth only those errors that the appellant intends to assert." Pa.R.A.P. 1925(b)(4)(i). It is well settled that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii); *see Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011); *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998). The trial court's order triggers an appellant's obligation to comply with Rule 1925(b). *Berg v. Nationwide Mutual Insurance Co., Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality).

Here, the trial court directed Owner to file the Rule 1925(b) Statement on the record and serve the trial court within 21 days from the date of the order. O.R., Item No. 35. The trial court fully apprised Owner of the consequences of not filing a Rule 1925(b) Statement. *See id.* Owner failed to file a Rule 1925(b) Statement and serve the trial court as ordered. Owner's motion seeking to amend judgment and the trial court's March 14, 2023 order denying the motion did not nullify **(Footnote continued on next page…)**

Accordingly, the trial court's order is affirmed.[4]

_____

MICHAEL H. WOJCIK, Judge

_____

the trial court's March 9, 2023 order or otherwise excuse Owner from the obligation of filing a Rule 1925(b) Statement in accordance thereto. Owner did not avail herself of the opportunity to seek *nunc pro tunc* relief to remedy the issue. *See* Pa.R.A.P. 1925(b)(2)(i) ("In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*."). Consequently, all issues on appeal are waived for Owner's failure to file a Rule 1925(b) Statement.

In addition, the issues are waived because Owner did not sufficiently develop her arguments with citation to relevant legal authority and the record. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *Berner v. Montour Township*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue).

[4] We "may affirm on other grounds where grounds for affirmance exist." *Kutnyak v. Department of Corrections*, 748 A.2d 1275, 1279 n.9 (Pa. Cmwlth. 2000); *accord Sloane v. Workers' Compensation Appeal Board (Children's Hospital of Philadelphia)*, 124 A.3d 778, 786 n.8 (Pa. Cmwlth. 2015).

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Appeal of Yuzza Henderson,     :
From Decision of Bureau of          :
Administrative Adjudication        :  No. 247 C.D. 2023
                                          :
Appeal of: Yuzza Henderson       :

# **O R D E R**

AND NOW, this 20th day of August, 2024, the order of the Philadelphia County Court of Common Pleas dated February 2, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge