IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald P. Cooley, individually and : 
derivatively on behalf of the : 
Lofts at 1234 Condominium : 
Association : 
  : 
v. : No. 580 C.D. 2021
  : 
Lofts at 1234 Condominium : Submitted: March 8, 2024
Association, Thomas Marrone, : 
and Echo Volla : 
  : 
Appeal of: Thomas Marrone : 


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE LORI A. DUMAS, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                            FILED: August 20, 2024

Thomas Marrone (Marrone) appeals from the April 22, 2021 order of the Court of Common Pleas of Philadelphia County (trial court),[1] which denied Marrone's Motion for Attorneys' Fees and Costs (Fees Motion) filed at the conclusion of longstanding and contentious litigation between Marrone and Appellee Ronald P. Cooley (Cooley), individually and derivatively on behalf of the Lofts at 1234 Condominium Association (Association). [2] The attorneys' fees issue brings this case before this Court for a second time. *See Cooley v. Lofts at 1234 Condominium*

_____

[1] This appeal is being decided coordinately with the related appeal, *Dana v. Lofts at 1234 Condominium Association* (Pa. Cmwlth., No. 579 C.D. 2021, filed August 20, 2024).

[2] Although Echo Volla (Volla) and the Association were named defendants below, they did not appeal the trial court's April 22, 2021 order and have not participated in this appeal.

*Association* (Pa. Cmwlth., No. 1668 C.D. 2018, filed March 13, 2020) (*Cooley I*). For the reasons set forth below, we affirm in part, and vacate in part for lack of subject matter jurisdiction, the trial court's order.

## I.    BACKGROUND AND PROCEDURAL HISTORY

In *Cooley I*, we summarized the underlying litigation, in pertinent part, as follows:

> [This is a] contentious dispute among condominium owners in a three-story building known as The Lofts at 1234 Condominium (The Lofts), located at 1234 Hamilton Street in Philadelphia, Pennsylvania. The Lofts consists of 17 condominium units and a garage with 17 parking spaces. The [Association] was created on November 15, 2005[,] by the recording of the Declaration of The Lofts (Declaration) by The Lofts' declarant, 1234 Hamilton, L.P. (Declarant). . . .
>
> The Association adopted its By-Laws in 2005. Declarant recorded a First Amendment to the Declaration [(First Amendment)] with the City of Philadelphia Department of Records (Department of Records) on October 30, 2006. The First Amendment subdivided The Lofts' garage into 17 individual parking spaces. . . .
>
> . . . .
>
> Declarant ceded control of the Association to its three-member Executive Board in 2011. Declarant sold the last unit it owned to [ ] Cooley in July 2013.
>
> On September 24, 2013, [ ] Volla and [ ] Cooley were elected to the Association's Executive Board. On January 28, 2015, [ ] Marrone was appointed to serve as the third member of the Executive Board and as the Association's President.
>
> On April 10, 2015, [ ] Marrone executed a Second Amendment to the Declaration (Roof Deck Amendment) and recorded it with the Department of Records on April 15, 2015. The Roof Deck Amendment gave third-floor unit owners (including [ ] Marrone, [ ] Volla, and [ ] Cooley) the right to build decks above their units on The Lofts' roof. The

2

roof is a common element belonging to all unit owners. The Roof Deck Amendment classified any constructed roof deck as a limited common element allocated to the unit that built it.

On May 5, 2015, [ ] Marrone executed a Third Amendment to the Declaration (Parking Space Amendment) and recorded it with the City of Philadelphia Commissioner of Records on May 15, 2015. The Parking Space Amendment lengthened parking spaces P10 through P17 (including those owned by [ ] Marrone and [ ] Volla) by conveying common elements of the garage to them. The Parking Space Amendment also conveyed a four-foot-wide strip of parking space P13 as an egress walkway between parking space P13 (belonging to [ ] Marrone) and parking space P12 (belonging to [ ] Cooley).

The [Roof Deck] and [Parking Space] Amendments, which were recorded in 2015, stated that they were "previously approved by the unanimous vote of all of the Unit Owners at a meeting of the Unit Owners at which a quorum was present at all times." The Executive Board informed the Association's members that the votes authorizing these Amendments took place eight years earlier, in January 2007.

At an Executive Board meeting on May 30, 2015, [ ] Marrone and [ ] Volla removed [ ] Cooley from the Executive Board and appointed John Howell, another unit owner and member of the Association, to fill the position. Both [ ] Marrone's and [ ] Volla's terms on the Executive Board ended in September 2017. On September 19, 2017, [ ] Cooley was re-elected to the Executive Board.

On April 29, 2016, [ ] Cooley initiated this lawsuit by writ of summons, identifying only himself as the plaintiff. On September 30, 2016, he filed a Complaint, individually and derivatively on behalf of the Association, against [ ] Marrone, [ ] Volla, and the Association . . . in the [t]rial [c]ourt. In his Complaint, [ ] Cooley asserted claims for intentional violations of the Pennsylvania Uniform Condominium Act, 68 Pa. C.S. §§ 3101-3414 (PUCA),

breach of fiduciary duty, defamation, declaratory judgment, and equitable relief.[3]

After the filing of . . . Preliminary Objections, [ ] Cooley filed an Amended Complaint on November 9, 2016. [Marrone, Volla, and the Association] again filed Preliminary Objections, which the [t]rial [c]ourt sustained in part and overruled in part.

On March 1, 2017, the [t]rial [c]ourt entered an [o]rder: (1) dismissing all individual and derivative claims challenging the validity of the Roof Deck Amendment as barred by the statute of limitations; (2) dismissing all derivative claims challenging the validity of the Parking Space Amendment as barred by the statute of limitations; and (3) dismissing [ ] Cooley's individual claims against [ ] Marrone and [ ] Volla for violations of PUCA for lack of standing. . . .

[ ] On March 21, 2017, [ ] Cooley filed a Second Amended Complaint, without leave of court or consent of the parties. In the Second Amended Complaint, [ ] Cooley asserted additional causes of action for fraud, civil conspiracy, and civil trespass against [ ] Marrone only. [Marrone, Volla, and the Association together filed preliminary objections to the Second Amended Complaint [(collective preliminary objections)]. Marrone also filed his own preliminary objections.]

On July 24, 2017, the [t]rial [c]ourt entered an [o]rder: (1) striking the Second Amended Complaint in its entirety; (2) dismissing [the collective preliminary objections] as moot; and (3) sustaining in part and overruling in part [ ] Marrone's [p]reliminary [o]bjections.

. . . .

On January 16, 2018, the [t]rial [c]ourt denied [ ] Cooley's [m]otion for [p]artial [s]ummary [j]udgment and granted [the

---

[3] In February 2017, Jason Dana (Dana), another unit owner in the Lofts, also filed an action against Marrone, Volla, and the Association, asserting similar claims. *See Dana v. The Lofts at 1234 Condominium Association* (Pa. Cmwlth., No. 978 C.D. 2018, filed March 12, 2020). Both actions were consolidated in the trial court for disposition, but the associated appeals were not consolidated in this Court.

motion for partial summary judgment filed by Marrone, Volla, and the Association], dismissing all remaining derivative claims and [ ] Cooley's individual claim for declaratory relief. The [t]rial [c]ourt concluded that [ ] Cooley lacked standing to bring his derivative claims because the evidence established that the Association was an unincorporated association, not a nonprofit corporation. The [t]rial [c]ourt also rejected [ ] Cooley's alternative request to bring his derivative claims on the Association's behalf as trustee *ad litem*. The [t]rial [c]ourt found that [ ] Cooley "did not have the authority to bring the action as trustee *ad litem* on behalf of the Association" because the record showed that "the Association members overwhelmingly rejected the proposal to file or ratify Dana's lawsuit against [ ] Marrone, [ ] Volla[,] and the Association."

On November 14, 2018, the [t]rial [c]ourt granted [ ] Marrone's and [ ] Volla's [m]otion for [s]ummary [j]udgment as to [ ] Cooley's defamation claim, the only remaining cause of action.

*Cooley I*, slip op. at 1-9 (internal citations, quotations, and footnotes omitted). Cooley appealed to this Court. We affirmed on March 13, 2020, and denied reargument on June 15, 2020. Cooley petitioned for allowance of appeal to the Pennsylvania Supreme Court, which denied review on December 30, 2020. Cooley filed a motion for reconsideration, which the Supreme Court denied on February 10, 2021.

Thereafter, on March 30, 2021, Marrone filed the Fees Motion, in which he sought an award of attorneys' fees pursuant to Section 6.1.2 of the Bylaws[4] and

---

[4] Section 6.1.2 falls under Article VI of the Bylaws, which is titled "Compliance and Default." (Reproduced Record (R.R.) at 868a.) Section 6.1.2 provides that "[i]n any proceeding arising out of any alleged default by a Unit Owner[,] the prevailing party shall be entitled to recover the costs of such preceding and such reasonable attorney[s'] fees as may be determined by the [trial] court." *Id.*

5

Sections 1726(a)(1)[5] and 2503(6), (7), and (9)[6] of the Judicial Code.  42 Pa. C.S. §§ 1726(a)(1), 2503(6), (7), (9).  With regard to fees under Section 2503, Marrone alleged that "the evidence that Cooley was dilatory and/or obdurate and/or vexatious is a matter of record" and cited to and quoted from multiple orders, opinions, and hearing transcripts from the proceedings before the trial court.[7]  (Fees Motion, ¶ 20; R.R. at

---

[5] Section 1726(a)(1) of the Judicial Code, 42 Pa. C.S. § 1726(a)(1), provides that attorneys' fees generally "are not an item of taxable costs except to the extent authorized by [S]ection 2503[.]"

[6] Section 2503(6), (7), and (9) provides as follows:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> . . . .
>
> (6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
>
> . . . .
>
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa. C.S. § 2503(6), (7), (9).

[7] Specifically, Marrone cited in his Fees Motion and accompanying brief the following orders, opinions, and transcript excerpts of record:

> (1) An April 25, 2017 discovery order in which the trial court held that Cooley and his counsel sought discovery that was "patently inappropriate and abusive;"
>
> (2) A September 5, 2017 discovery hearing at which the trial court noted that Cooley and his counsel's serial amended pleadings were being filed to intentionally delay the case.

**(Footnote continued on next page…)**

6

6285a-86a.)  Marrone requested that the trial court "issue an [o]rder granting his request for an award of his reasonable attorneys' fees, costs, and expenses . . . and directing Marrone [to] provide the [trial c]ourt with evidence of his reasonable attorneys' fees, costs, and expenses within thirty (30) days." *Id.* at p. 6; R.R. at 841a.

The trial court denied the Fees Motion without a hearing on April 22, 2021, noting that "there is no factual or legal basis to award legal fees in this matter." (Trial Ct. Order, 4/22/21, n.1; R.R. at 6504a.)  The trial court denied reconsideration on April 26, 2021, and Marrone appealed to this Court.  The trial court issued a Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a) opinion on August 11, 2021.  Therein, the trial court explained that it denied the Fees Motion on several

---

(3) A September 5, 2017 order in which the trial court directed that Cooley must refrain from making accusations of misconduct and criminal and quasi-criminal conduct in court filings.

(4) A September 5, 2017 discovery hearing at which the trial court noted that Cooley and his counsel engaged in conduct that was inappropriate and "almost ridiculous."

(5) An August 20, 2018 discovery hearing at which the trial court characterized Cooley and his counsel's conduct in discovery as "harassment" and "unprofessionalism" at a level the trial court had never seen.

(6) A January 25, 2019 opinion in which the trial court concluded that Cooley's accusations against Marrone were irrelevant and distracting personal attacks that "only served to increase the hostilities between the parties and further erode the possibility of resolving this matter amicably;" and

(7) This Court's March 13, 2020 opinion in *Cooley I*, in which we concluded that trial court had not abused its discretion in entering a protective order against Cooley, who had "repeatedly lodged false accusations of criminal conduct against Marrone over the course of the litigation. *Cooley I*, slip. op. at 33-34 & n. 16.

(R.R. at 6285a-86a.)  Marrone cites to the same facts "of record" in his brief to this Court. (Marrone Br. at 49-50.)

grounds. First, the trial court noted that Marrone failed to file a bill of costs pursuant to Philadelphia Civil Rule 227.5(A).[8] Second, the trial court concluded that no attorneys' fees were due pursuant to Section 2503(7) of the Judicial Code because "neither side conducted themselves particularly well during the pendency of the matter[;] it was explicitly stated by the [trial] court that neither party was entitled to sanctions because both sides could have done better." (Trial Ct. Op., 8/11/21, at 1) (citation omitted). The trial court concluded as follows:

> [I]t does not appear that [ ] Marrone incurred any personal attorneys' fees or costs whatsoever. Any and all costs or fees associated with this litigation were covered by the insurance carrier. It is noted that the instant motions were not filed by the counsel that represented [ ] Marrone in any of the preceding litigation. Rather, [ ] Marrone obtained new counsel solely for the purpose of filing these motions for legal costs and fees.
>
> [ ] Marrone's behavior extends to at least three other lawsuits in which he sought costs that were ultimately denied. The Honorable James C. Crumlish described [ ] Marrone's attempt to collect sought costs as "specious" and an apparent violation of Rule of Professional Conduct 1.5.[9] Further, he described [ ] Marrone as "an injustice collector who all too

---

[8] Philadelphia Civil Rule 227.5(A) provides:

> (A) *Time for Filing*. A bill of costs may be filed with the Office of Judicial Records no later than ten (10) days after final judgment. A judgment becomes final when the applicable appeal period has expired without appeal. A copy of the bill of costs shall immediately be served on all parties to the action and an affidavit of service filed with the Office of Judicial Records within two days after service.

Phila. Civ. R. *227.5(A). Rule 227.5(B) and (C)(2)(f) further provides that costs shall be allowed to a prevailing party unless precluded by law or waived and includes attorneys' fees as taxable costs of the case. Phila. Civ. R. *227.5(B), (C)(2)(f).

[9] Pennsylvania Rule of Professional Conduct 1.5(a) provides, in pertinent part, that "[a] lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." Pa. R.P. C. 1.5(a).

8

readily avails himself of legal process as a weapon for the purpose of wasting the [trial] court's assets and overbearing his perceived enemies and opponents into submission." In another lawsuit, the Honorable Lisette Shirdan-Harris found that [ ] Marrone's attempt[s] to recover costs were "unreasonable and quite frankly an affront to the judicial process." In yet another action, the Honorable Joshua Roberts "gutted" [ ] Marrone's claims against [ ] Dana's counsel finding that the actions [ ] Marrone sought sanctions for were "protected by the absolute judicial privilege."

It is abundantly clear that [ ] Marrone has a history of seeking legal fees to which he is not entitled, regardless of whether he is a plaintiff or a defendant. In this case, as previously noted in this Court's April 26, 2021 order[], there is no basis, legally or factually, to award attorneys' fees to [ ] Marrone.

*Id.* at 2 (internal citations omitted).

Marrone now appeals to this Court.

## II.  ISSUES

Marrone presents the following issues for our review: (1) whether the trial court erred in failing to hold an evidentiary hearing on the Fees Motion; (2) whether the trial court erred in concluding that Marrone was not entitled to an award of attorneys' fees under Pennsylvania law or the By-Laws; and (3) whether the trial court erred in denying the Fees Motion because Marrone did not file a bill of costs pursuant to Philadelphia Civil Rule 227.5(A). In response, and in addition to arguing that all of Marrone's issues are either meritless or waived, Cooley also argues that the Fees Motion was untimely filed and, accordingly, the trial court lacked subject matter jurisdiction to consider it.

## III.  DISCUSSION

Generally, the parties to an action are responsible for their own attorneys' fees unless otherwise provided by agreement, statute, or another recognized exception. *Richard Allen Preparatory Charter School v. Department of Education*,

9

161 A.3d 415, 428 (Pa. Cmwlth. 2017). In Pennsylvania, this general rule is codified in Section 1726(a)(1) of the Judicial Code, 42 Pa. C.S. § 1726(a)(1), which provides that attorneys' fees are not an item of taxable costs except as permitted by Section 2503 of the Judicial Code, 42 Pa. C.S. § 2503 (relating to right of participants to receive counsel fees). Where a trial court declines to award attorneys' fees, we view that decision as resting within the sound discretion of the trial court, and we will reverse only where there has been a clear abuse of discretion. *Township of Lower Merion v. QED, Inc.*, 762 A.2d 779, 781 (Pa. Cmwlth. 2000). "[A]n abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Wagner v. Pennsylvania Capitol Police Department*, 132 A.3d 1051, 1057 (Pa. Cmwlth. 2016) (quoting *Paden v. Baker Concrete Construction, Inc.*, 658 A.2d 341, 343 (Pa. 1995)).

### A.    <u>Section 2503</u>

Before we may reach the merits of Marrone's claim under Section 2503, we must address whether it was timely filed pursuant to Section 5505 of the Judicial Code. Cooley argues that this portion of Marrone's attorneys' fees claim was untimely because it was filed more than 30 days after the trial court entered its final order granting Marrone and Volla's motion for summary judgment on November 14, 2018. We agree and, accordingly, must conclude that the trial court lacked subject matter jurisdiction to consider Marrone's claim under Section 2503.[10]

---

[10] Although the trial court did not address this question and Marrone fails to address it in either his principal or reply briefs, subject matter jurisdiction is not waivable and may be raised at any stage of a proceeding, including on appeal, by a party or by this Court *sua sponte*. *Clean Air Council v. Sunoco Pipeline, L.P.*, 185 A.3d 478, 486 n. 17 (Pa. Cmwlth. 2018) (citing *LeFlar v. Gulf Creek Industrial Park No. 2*, 515 A.2d 875, 879 (Pa. 1986)).

In *Ness v. York Township Board of Commissioners*, 123 A.3d 1166 (Pa. Cmwlth. 2015), we considered the question of whether a trial court retains subject matter jurisdiction to consider a request for attorneys' fees that is filed more than 30 days after the trial court enters a final order. In *Ness*, the petitioner (Ness) filed a petition for review in the Court of Common Pleas of York County challenging the validity of certain tax exemption ordinances enacted by the County of York and York Township. *Id.* at 1168. On December 17, 2013, on the township's motion, the trial court dismissed Ness's petition with prejudice for lack of standing, failure to state a claim, failure to join necessary parties, and untimeliness. *Id.* Ness filed an appeal to this Court on January 2, 2014, which we ultimately dismissed on May 9, 2014, due to Ness's failure to file a brief. *Id.*

On May 22, 2014, the township filed a petition for sanctions in which it sought an award of counsel fees under Section 2503(9) of the Judicial Code, 42 Pa. C.S. § 2503(9), for Ness's "arbitrary," "vexatious," or "bad faith" conduct. *Id.* After argument on the petition, the trial court granted the township's petition and awarded fees. *Id.* at 1169. Ness again appealed to this Court, this time arguing, in part, that the trial court lacked subject matter jurisdiction to entertain the township's petition because it was filed more than 30 days after the trial court's December 17, 2013 order. *Id.* We agreed, concluding as follows:

> Under Section 5505 of the Judicial Code,[11] [42 Pa. C.S. § 5505,] a trial court lacks authority to award additional relief sought more than 30 days after its final order in a case. *Strohl v. South Annville Township*[ ](Pa. Cmwlth.[,] Nos. 2162 C.D. 2009 & 2324 C.D. 2009, filed April 13, 2011), slip op. at 11–

---

[11] Section 5505 of the Judicial Code provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S. § 5505.

12[;] *In re Estate of Bechtel*, 92 A.3d 833, 843 (Pa. Super. 2014); *Freidenbloom v. Weyant*, 814 A.2d 1253, 1255 (Pa. Super. 2003), *overruled in part on other issue by Miller Electric Co. v. DeWeese*, [] 907 A.2d 1051 ([Pa.] 2006). "A trial court's jurisdiction generally extends for thirty days after the entry of a final order. . . . After the 30[-]day time period, the trial court is divested of jurisdiction." *Freidenbloom*, 814 A.2d at 1255. Accordingly, where a request for counsel fees under 42 Pa. C.S. § 2503 is filed more than 30 days after final judgment, the trial court has no jurisdiction to act on that request, and its award of counsel fees must be vacated for lack of jurisdiction. *Strohl*, slip op. at 11–14 [(]vacating award of counsel fees for lack of jurisdiction where motions for sanctions were filed 38 days or more after trial court orders dismissing complaint with prejudice); *Freidenbloom*, 814 A.2d at 1255–56 (vacating award of counsel fees for lack of jurisdiction where petition for counsel fees was filed 36 days after discontinuance of action).

. . . .

The fact that Ness filed an appeal that was pending in this Court until May 9, 2014 does not change this. A motion for counsel fees under 42 Pa. C.S. § 2503 is an ancillary matter separate from the appeal of the trial court's judgment in the case. *Samuel–Bassett v. Kia Motors America, Inc.*, [] 34 A.3d 1, 48 ([Pa.] 2011); *Old Forge School District v. Highmark Inc.*, [] 924 A.2d 1205, 1211 ([Pa.] 2007). The filing of an appeal therefore does not divest the trial court of jurisdiction over such a motion for counsel fees. *Samuel–Bassett*, 34 A.3d at 48; *Old Forge School District*, 924 A.2d at 1211. Because the trial court retained jurisdiction over the separate issue of counsel fees, Ness's filing of the January 2014 Appeal did not prevent the [t]ownship from timely filing its request for counsel fees on or before January 16, 2014.[ ]

. . . .

Moreover, consideration of sound judicial policy requires rejection of the [t]ownship's argument. Delay in filing a motion for counsel fees while an underlying appeal is pending denies the trial court the opportunity to consider the

12

fee request at a time when the court is familiar with the case and issues. While the period that the January 2014 Appeal was pending was relatively brief, that will not always be the case. The rule advocated by the [t]ownship would permit the filing of a motion for counsel fees years after the events and conduct for which fees are sought. Therefore, even if it [was] in our power to extend the period over which a trial court retains jurisdiction, we would decline to do so.

Because the [t]ownship did not file its [p]etition for [s]anctions within 30 days of the trial court's final order and this Court did not remand the case for any further proceedings, the trial court no longer had jurisdiction over this case after January 16, 2014[,] and was without jurisdiction to act on the [t]ownship's May 22, 2014 [p]etition for [s]anctions. Accordingly, we vacate the trial court's order awarding counsel fees.

*Id.* at 1169-71 (some footnotes omitted). *See also Szwerc v. Lehigh Valley Health Network, Inc.*, 235 A.3d 331, 336-37, 339 (Pa. Super. 2020) (relying, in part, on *Ness* to conclude that the trial court did not have subject matter jurisdiction over post-appeal motion for attorneys' fees filed under the Wage Payment and Collection Law, Act of July 14, 1961, P.L. 637, *as amended*, 43 P.S. §§ 260.1-260.13; motion was filed under Section 2503(10) of the Judicial Code more than 30 days after the trial court's final order, which late filing deprived the trial court of subject matter jurisdiction). *But see Miller v. Borough of Indian Lake*, 297 A.3d 895, 899-900 (Pa. Cmwlth. 2023) (30-day period for filing attorneys' fees requests does not apply in eminent domain proceedings); *Township of Millcreek v. Angela Cres Trust of June 25, 1998*, 142 A.3d 948, 955 (Pa. Cmwlth. 2016) (same).

Here, it is undisputed that Marrone did not file the Fees Motion until long after—more than two years after—the trial court entered its order on November 14, 2018. Marrone requested an award of attorneys' fees pursuant to various subsections of Section 2503 of the Judicial Code and Section 6.1.2 of the By-Laws, which

13

authorizes fee awards to the prevailing party in actions arising out of defaults by Unit Owners. Under the principles set forth above, the fees request under Section 2503 of the Judicial Code clearly is untimely, and the trial court therefore did not have subject matter jurisdiction to consider it. We accordingly vacate the trial court's order to the extent that it considered and ruled upon Marrone's Section 2503 attorneys' fees claim.

**B.      Section 6.1.2 of the By-Laws**

With regard to Marrone's attorneys' fees claim under Section 6.1.2 of the By-Laws, we agree with Cooley that Section 6.1.2 does not authorize an award of attorneys' fees in this case. We therefore affirm the trial court's denial of the By-Laws-based portion of the Fees Motion.[12]

We interpret corporate bylaws using the same rules that apply to the interpretation of statutes, contracts, and other written instruments. *Purcell v. Milton Hershey School Alumni Association*, 884 A.2d 372, 379 n. 10 (Pa. Cmwlth. 2005). If a by-law is unambiguous, it is to be interpreted as written and given commensurate force and effect. *Id.* Here, Section 6.1.2 is found within Article VI of the By-Laws, which is titled "Compliance and Default" and provides, in pertinent part, as follows:

> 6.1 Relief. Each Unit Owner shall be governed by, and shall comply with, all of the terms of [the] Declaration, these By-Laws, the Rules and Regulations[,] and the [PUCA], as any of the same may be amended from time to time. In addition to the remedies provided in the [PUCA] and the Declaration, a default by a Unit Owner shall entitle the Association, acting through its Executive Board or through the Managing Agent, to the following relief:
>
> . . . .
>
> 6.1.2. Costs and Attorneys' Fees. In any proceeding arising out of any alleged default by a Unit Owner, the prevailing

---

[12] We may affirm on any valid ground, including a ground not raised by the parties. *See In re Fry*, 110 A.3d 1103, 1111 n. 10 (Pa. Cmwlth. 2015).

party shall be entitled to recover the costs of such [proceeding] and such reasonable attorney[s'] fees as may be determined by the court.

. . . .

(By-Laws, §§ 6.1, 6.1.2) (emphasis provided).

In *Serota v. London-Towne Homeowners Association* (Pa. Cmwlth., No. 1451 C.D. 2017, filed November 16, 2018) (*Serota II*), slip op. at 11-12,[13] we considered the applicability of an identical by-laws provision that authorized an award of attorneys' fees to a prevailing party "[i]n any proceeding arising out of any alleged default by a [u]nit [o]wner." *Id.*, slip. op. at 11-12. In *Serota II*, a unit owner of a homeowners' association (Serota) brought an action against the association challenging the validity of an amendment to the association's governing declaration. Serota sought declaratory and injunctive relief, together with an award of attorneys' fees. *Id.*, slip op. at 3-4. Serota ultimately prevailed, in part, on the merits of his claims, and this Court affirmed on appeal. *See Serota v. London-Towne Homeowners Association* (Pa. Cmwlth., No. 2073 C.D. 2016, filed April 27, 2017) (*Serota I*).

Serota thereafter filed a motion for attorneys' fees in the trial court, in part based on the fees provision of the association's by-laws. *Serota II*, slip op. at 5. The trial court denied the motion, and on appeal, we affirmed. In doing so, we rejected Serota's interpretation of the by-laws provision as authorizing an award of attorneys' fees to the prevailing party "in *any* action between a unit owner and the [a]ssociation. *Id.*, slip op. at 10-12 (emphasis added). We concluded that such an interpretation

> does not give effect to the first part of the sentence, which requires that it be a "proceeding arising out of any default by

---

[13] Unreported opinions of this Court issued after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of the Commonwealth Court's internal operating procedures, 210 Pa. Code § 69.414(a).

15

a [u]nit [o]wner." This proceeding did not arise out of a default by a [u]nit [o]wner. Accordingly, this section does not support Serota's asserted entitlement to attorneys' fees under the [b]y[-]laws.

*Id.*, slip op. at 12 (internal citation omitted).

We continue to agree with our decision in *Serota II* and find it persuasive here. When read in context, Section 6.1.2 plainly is one of several provisions in Article VI of the By-Laws that defines the relief and remedies available to the Association, acting through its designated executives or agents, in actions brought against Unit Owners for their defaults under the PUCA or the other governing documents of the Association. Section 6.1.2 is not, as Marrone suggests, a catch-all fee-shifting provision that authorizes an award of attorneys' fees to any prevailing party in any action involving Unit Owners. In this action, Cooley, a Unit Owner, asserted various tort-based, statutory, and declaratory relief claims against Marrone and Volla related to their conduct as members of the Association's Executive Board and, with respect to Marrone, as president of the Association. As in *Serota,* this plainly is not an action "arising out of" an alleged default by a Unit Owner. Accordingly, Section 6.1.2 of the By-Laws has no application, and Marrone's claim for fees on this ground fails as a matter of law.[14]

---

[14] We note that the trial court preferably should have either (1) assigned this portion of the Fees Motion a new docket number and held the filing date pending payment of the required filing fee, or (2) dismissed the claim without prejudice to Marrone to refile it as a separate action. However, the trial court had discretion pursuant to Pennsylvania Rule of Civil Procedure 126(a) to overlook this procedural irregularity in the interests of justice and judicial economy. *See* Pa.R.Civ.P. 126(a) (to secure "just, speedy, and inexpensive" determinations, a court may disregard defects of procedure that do not affect the substantive rights of the parties). Therefore, on remand, the trial court need not take any further action on the By-Laws-based portion of the Fees Motion.

16

## IV. CONCLUSION

To sum up, then, we vacate the trial court's April 26, 2021 order to the extent that it considered and ruled upon that portion of the Fees Motion based on Section 2503 of the Judicial Code, as the trial court was without jurisdiction to consider it. We affirm the trial court's order to the extent that it denied Marrone's By-Laws-based attorneys' fees claim, although we do so on the alternative grounds set forth above.[15]

 

_____
PATRICIA A. McCULLOUGH, Judge

---

[15] Given our disposition, we need not address the other issues Marrone presents on appeal.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Ronald P. Cooley, individually and derivatively on behalf of the Lofts at 1234 Condominium Association | : : : : : |
| | : |
| v. | : No. 580 C.D. 2021 |
| | : |
| Lofts at 1234 Condominium Association, Thomas Marrone, and Echo Volla | : : : |
| | : |
| Appeal of: Thomas Marrone | : |

## ***ORDER***

AND NOW, this 20th day of August, 2024, the April 22, 2021 order of the Court of Common Pleas of Philadelphia County (trial court) is hereby VACATED in part, and AFFIRMED in part, as set forth in the foregoing Memorandum Opinion. This case is remanded to the trial court with instructions to dismiss for lack of subject matter jurisdiction that portion of Appellant Thomas Marrone's Motion for Attorneys' Fees and Costs that is based on Section 2503 of the Judicial Code, 42 Pa. C.S. § 2503.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge